(164 App. Div. 293)

## GULLA v. BARTON. (No. 273/60.)

(Supreme Court, Appellate Division, Third Department. November 11, 1914.) ·

1. CONTRACTS (§ 187*)—CONSTRUCTION—EMPLOYMENT CONTRACTS.

   · An employer, to prevent strikes and in consideration of the right to use the union name and label, entered into a contract with a labor union by which only union men were to be employed and all employés were to be paid $18 a week. Plaintiff, a member of the union, without knowledge of such contract, worked for the employer for a considerable period for $9 a week, the wages agreed upon between him and the employer, but upon learning of such contract informed the employer that he would seek to recover his back pay at law, and thereafter he was paid the union wages. *Held*, that plaintiff, having been a party intended *to* be benefited by the agreement, and having been connected with the consideration therefor by reason of the fees and dues paid by him as a member of the union, was entitled to ·enforce the contract, and to recover the difference between the wages paid him and the union wages.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 798–807; Dec. Dig. § 187.*]

2. CONTRACTS (§ 187*)—CONSTRUCTION—EMPLOYMENT CONTRACTS.

   Plaintiff did not, by entering into an independent agreement, express or implied, with his employer, or otherwise, waive the benefit of the contract between the employer and the union.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 798–807; Dec. Dig. § 187.*]

Appeal from Trial Term, Madison County.

Action by Joseph Gulla against Louisa Barton, as surviving partner. From a judgment in favor of defendant upon a nonsuit, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Thomas J. McNamara, of Rome, for appellant.

Coville & Moore, of Oneida (James Moore, of Oneida, of counsel), for respondent.

JOHN M. KELLOGG, J. [1, 2] Plaintiff worked in the defendant's brewery in the years 1911–1912 for 29 weeks, and in the years 1912–1913 for 20 weeks, for which work he received $9 per week, which apparently was the wage agreed upon between him and the defendant. He brings this action to recover $9 more for each week's service, basing his claim upon an agreement made between the defendant and the Malsters' Union, No. 48, of Syracuse, N. Y., and vicinity, of which he was a member, and which was a local subordinate

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

branch of the International Union of the United Brewery Workmen of America; the former being incorporated under the laws of the state of New York, and the latter incorporated under the laws of the state of Ohio. While the services were being performed, the brewery was a union brewery; the defendant having entered into a written agreement with the said union by which none but union men were to be employed in the brewery, and, if extra help were needed, members of the International Union of United Brewery Workmen of good standing should be employed at union wages, and that all employés were to receive $18 per week. This agreement was to continue in force one year from October 1, 1912, and was renewed for another year. The defendant's object in making the agreement with the union was to prevent strikes and to secure the use of the union label. The union furnished labels, and the defendant used them, and did business all the time referred to as a union brewery.

The union was formed for the benefit and protection of its members, and especially for the purpose of securing to them a reduction in the hours of toil and an increase in wages. The union is based upon the idea that the individual workmen cannot fully protect themselves against their employers, but that by united action they can be better protected in the respects mentioned. It is supported by dues and fees paid by its members, which dues the member pays for the benefit which he expects to realize from the organized action of himself and his coworkers. The agreement referred to was a valid contract, which may be enforced in any proper manner. The renewal of the agreement indicates that it was beneficial to the defendant's firm. The union entered into the contract for the benefit of the plaintiff and the other employés in the defendant's brewery, and for the benefit of all union workmen.

It is urged, however, that the plaintiff cannot maintain an action upon the agreement, and that he has waived the benefits of it by contracting for himself. Apparently he did not know of the agreement between the defendant and the union until May, 1913, when a dispute arose between the plaintiff, the defendant, and other employés. An officer of the union was called to the brewery, and then showed plaintiff the agreement, and insisted that thereafter union wages must be paid according to the agreement, and for the remainder of the season such wages were paid; the plaintiff stating to the defendant at the time that he would look for his back pay through law. The evidence does not show any act of the plaintiff, made with knowledge of the facts, which would waive the benefit of the contract with the union in his behalf. We have, therefore, a situation where the plaintiff received from week to week the wages contemplated by the contract of employment between him and the defendant, and his union unbeknown to him had made a contract for his benefit, based upon a separate consideration passing from the union, that he as a member thereof should receive a greater compensation. In payment for the labels and the use of the union name in marketing the brewery product, the defendant had agreed to pay a stated union wage to the plaintiff and to the other men working with him as members of the union. The

union label had force and value, and the union had strength by reason of the moneys which it received as fees and dues from the plaintiff and other members. The plaintiff is therefore connected with the consideration and was a party intended to be benefited by the agreement. Smith v. City of New York, 203 N. Y. 106, 96 N. E. 409. It was a contract made by his representative for his benefit, and its validity is not affected by the independent agreement, express or implied, between him and defendant. The contracts are concurrent, and neither one destroys the other. The nonsuit was therefore improper.

Upon the evidence as it stood, the plaintiff was entitled to receive $18 per week for the time served. Having received only $9 per week for the time mentioned, he may recover the difference. Judgment, however, cannot be directed for him, as the defendant's case has not been put in.

The judgment appealed from should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.