TEKLA TUZINSKA, Respondent, v. THE OCEAN ACCIDENT & GUARANTEE CORPORATION, LIMITED, Appellant.

Fourth Department, June 27, 1934.

*Jules C. Randal, Carlos C. Alden* and *Frank G. Raichle,* for the appellant.

*Sigismund M. Lopacki* and *George M. Donohue,* for the respondent.

PER CURIAM. June 21, 1930, this defendant issued a liability policy to one Joseph Witkowski, insuring him in terms from noon of that day to June 21, 1931, at twelve-one A. M., against any loss suffered by him by reason of his damaging other persons with his automobile. He injured this plaintiff physically on June 21, 1931, at about seven o'clock A. M. Under a complaint invoking section 109 of the Insurance Law, plaintiff is seeking to reform the insurance contract mentioned so that it will cover the insured at the time plaintiff was injured; and plaintiff is also asking damages against the insurer to the extent of the engagement in the policy, namely, $5,000. The learned Special Term denied a motion by defendant directed at the sufficiency of the complaint.

Under certain prescribed conditions section 109 of the Insurance Law grants to a person tortiously injured in person or property by an insured tort feasor the right to compel the insurer to pay the person injured for the damages suffered. The section is a salutary one. When an insurance contract is entered into which is affected by the section, the contract — so far as a right of action is concerned — gives to any person in the world who may be injured by the insured (this person we will call X) a status equivalent to privity with the insured, places him in a position analogous to that of the third party beneficiary discussed in *Lawrence* v. *Fox* (20 N. Y. 268). We must assume that this plaintiff can prove what she has pleaded in her complaint, namely, that the contract really entered into between Witkowski and the defendant covered the former up to noon of June 21, 1931, and that the mistake was made simply in reducing the agreement to writing. Under this situation presented by the complant and by section 109 of the Insurance Law, it is not essential that the right to have reformation by this plaintiff can be found within the statute. Plaintiff, because of her having been injured by Witkowski, has now become the

actual beneficiary contemplated when the insurance contract, amplified by section 109, was made for the benefit of the then unidentified and unidentifiable third party X. Before the mishap to plaintiff, X, under his privity with Witkowski, created by statute, had a right of action to reform the policy. (*Baird* v. *Erie R. R. Co.*, 210 N. Y. 225, 232; *Trustees of Columbia College* v. *Lynch*, 70 id. 440, 449, 450.) Plaintiff, being X personified through events provided for in section 109, also has this right of action. The failure of Witkowski — either through carelessness or an indifference born of insolvency — to demand reformation cannot deprive this plaintiff of her right. Equity, being summoned, will step in in aid of section 109 and do for this plaintiff that which was fairly intended by the Legislature when section 109 was enacted. The principle that a statute in derogation of the common law is to be construed strictly against those given rights under it will not be applied. Manifest justice does not demand it (*Calhoun* v. *Downs*, 289 Pac. 857) and another reason is that the right to reform the instrument is given to this plaintiff, not by the statute, but by the principles of equity.

We find support for affirmance in the case of *Binswanger* v. *Employers' Liability Assurance Corp.* (28 S. W. [2d] 448).

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Order affirmed, with ten dollars costs and disbursements.