JANE REMUS, an Infant, by PAUL REMUS, Her Guardian ad Litem, and PAUL REMUS, Plaintiffs, *v.* PROTECTIVE INDEMNITY COMPANY, Defendant.

Supreme Court, Erie County, February 27, 1939.

*Harold J. Tillou,* for the plaintiffs.

*Gibbons, Pottle & Pottle [Frank Gibbons* of counsel], for the defendant.

MALONEY, J. Plaintiffs, as judgment creditors, pray for a judgment and decree of this court directing and ordering defendant to correct and reform a liability insurance contract issued by defendant to Anthony Cardarelli, judgment debtor, particularly that part thereof numbered three under the heading " Declarations " of liability insurance contract numbered A. U. 36004, dated and effective as of November 1, 1937.

The correction sought in the policy aforesaid is to strike therefrom No. 3 " Occupation of named insured is ' On W. P. A. project ' " and insert in its place and stead the following: " No. 3, Occupation of named insured is Retail Coal and Coke Dealer."

In the latter part of September, 1937, the judgment debtor herein ordered and directed the agent of defendant to issue to him, as insured, a policy of liability insurance dated and effective November 1, 1937, the policy when issued to be limited as to coverage to accidents occurring during the use of insured's truck on W. P. A. projects. The defendant agent accepted the order and agreed to issue to the insured such policy as aforesaid. On October 8, 1937, the judgment debtor severed his relations with the W. P. A. project. About the middle of October, 1937, the brother of the judgment debtor, as agent for him, requested and notified defendant's agent that when the policy of liability insurance ordered by Anthony Cardarelli was issued, Mr. Cardarelli desired the coverage on the truck listed to use in the retail coal and coke business in which he was and had been engaged since October 8, 1937. The defendant's agent, in reply to the judgment debtor's brother and agent's request, stated in effect that when he issued the policy it would cover the truck in the occupational use requested. The defendant failed to issue the policy as ordered and agreed to be issued, but issued to the judgment debtor a different and other policy limited to use of the truck on W. P. A. project. Defendant agent delivered the policy last aforesaid to the finance company that paid the premium to the agent. Anthony Cardarelli never had the policy in his possession, nor was he ever informed of the coverage therein by defendant or its agent. On December 14, 1937, judgment debtor had an accident while using his truck solely in the conduct of his retail coal and coke business. As a result of the accident plaintiffs received injuries and recovered judgments

against the assured, Anthony Cardarelli. Due notice of accident was given to the defendant by assured. The defendant disclaimed liability in view of the fact that the accident occurred in a different and other use than covered by defendant's liability policy as issued.

I find that the policy of indemnity issued by the defendant to insured was a different policy than that ordered by him and agreed to be issued by defendant. The defendant's agent was authorized to issue defendant's liability insurance policy to Anthony Cardarelli covering the use by him of the truck in question in the conduct of his retail coal and coke business. The mistake, accident, negligence and carelessness of the defendant's agent in failing to issue the policy as ordered and agreed by him to be issued was the failure of the defendant insurance company. (*Pitney* v. *Glens Falls Ins. Co.*, 65 N. Y. 6; *Ruggles* v. *American Central Ins. Co.*, 114 id. 415; *Dean* v. *Ætna Life Ins. Co.*, 62 id. 642; *Steen* v. *Niagara Fire Ins. Co.*, 89 id. 315.) The insured having paid the premiums and the defendant having accepted the same and failed to issue the policy ordered and agreed to be issued, the plaintiffs are entitled to the relief sought in their complaint, and a further judgment of this court directing and ordering defendant to correct and reform policy No. A. U. 36004 as issued in such respects as may be necessary to cover or indemnify as of November 1, 1937, Anthony Cardarelli for all loss and damage occasioned by reason of accidents or damages occurring in the use by him of the truck in question while engaged solely in the retail coke and coal business. (*Tuzinska* v. *Ocean A. & G. Corp., Ltd.*, 241 App. Div. 598.)

In *Baird* v. *Erie R. R. Co.* (210 N. Y. 225) the court said (at p. 231): " The correction of mistakes in written instruments, occurring by accident, fraud or otherwise, has been one of the acknowledged branches of equity jurisdiction from time immemorial, and the party injured by the mistake has the right to have it corrected upon satisfactory proof that it has been made. (*Andrews* v. *Gillespie*, 47 N. Y. 487, 490; *Pitcher* v. *Hennessey*, 48 N. Y. 415.) "

In view of my opinion that the defendant failed to issue to the judgment debtor the policy ordered and paid for by him and further that the policy agreed to be delivered to the judgment debtor by defendant agent effective as of November 1, 1937, was never issued to judgment debtor by reason of defendant's mistake, failure, negligence and omission, plaintiffs are entitled to the relief sought herein. Let judgment be entered in favor of plaintiffs against defendant for the relief sought in the complaint. Prepare findings accordingly.