## MUNKENS et al. v. 1412 BROADWAY, Inc., et al.

District Court, S. D. New York.

June 4, 1943.

Minna F. Kassner and Goldwater & Flynn, all of New York City, for plaintiffs.

Kaye, Scholer, Fierman & Hays, of New York City, for defendants.

CLANCY, District Judge.

■ Whether or not the first defense to the extent that it pleads estoppel by silence is provable in fact, we think it is sufficiently pleaded and deny the motion to strike it out. In Overnight Motor Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, the employer attacked the Circuit Court's conclusion that the liquidated damage provision was mandatory as a denial of due process because thereby it was deprived of an opportunity to test its obligation in Court when it was unable to determine whether its employee was covered by the act. The Supreme Court went to the trouble of pointing to several of the interpretative bulletins of the Wages and Hours Divisions and to one of its own decisions as sufficient advice to the employer of its obligation during the plaintiff's period of service. We see nothing in this that rules out estoppel or any other equitable defense. Furthermore, an equitable defense is peculiar to the facts of a given case. So much of the estoppel here pleaded as we are sustaining does not deny the plaintiff's disability to contract himself out of the rights conferred upon him by the Statute. Nor does it conflict with the decisions that demand is not an element of his cause of action. Estoppel does not deny the existence of a cause of action but precludes its as-

sertion. The estoppel pleaded does not avoid the accomplishment or the purposes of the Act nor hinder the furtherance of the policy embodied in it. 29 U.S.C.A. § 202.

The second defense, which is pleaded also as a counterclaim, alleges the execution of certain collective bargaining agreements between two named employers' associations and two locals of the Building Service Employees' International Union; that plaintiffs and defendant were mutually bound by all the provisions of said collective bargaining agreements, by the plaintiffs' membership in the union or by their mutual acceptance of said agreements and the fact that the defendant was a "signatory" to them. It is then alleged that it was mutually agreed that the plaintiffs' regular hours of employment would be limited to a specified maximum for which they would be paid the specified weekly wage with time and a half for all hours in excess of the standard work week fixed in the agreements, no reference to the collective agreement appearing in this allegation. It is further alleged that "said collective bargaining agreements were entered into and carried out according to their terms by plaintiffs and defendant during the period covered by the complaint" and that "the true intentions of plaintiffs and defendant in entering and carrying out said collective bargaining agreements were that they should be in complete conformity with all the laws applicable to their employment relationship." Whereupon the defendant prays that the Court reform said collective bargaining agreements between plaintiffs and defendant in respect to the standard week and the wage clauses. This language is confusing. The agreements are not set out; they are incorporated only by reference. The entire counterclaim is an effort by the defendant to identify the collective bargaining agreement and the employment agreement and the result is a series of allegations so lacking concatenation that the plea has no value. But it appears to us an obvious fact as well as settled law that the unions and the employers' association are the contractors in the collective agreements and are vitally interested in them and that whatever may be their terms and whatever rights belonging to each of the plaintiffs arise out of them, his employment agreement is separate and distinct and made between himself and the employer. Schlesinger v. Quinto, 201 App.Div. 487, 194 N.Y.S. 401; Gulla v. Barton, 164 App. Div. 293, 149 N.Y.S. 952. Defendant's membership in the employers' association gives it no right to reform the collective bargaining agreements. The plea sustained in Adams v. Union Dime Sav. Bank, D.C., 48 F.Supp. 1022, was to reform the employment contract. The interest of a mass consisting of, it is true, individuals, but superior to the whole number of them individually, is inherent in the idea of collective bargaining. Each individual is not contracting for himself alone but the mass is contracting and not only for benefit to the individuals but for the common good of all its members. To hold that one member has the right to rewrite such a contract is to ignore all the others and their collective unity.

Defendant's counsel relies upon Tuzinska v. Ocean Accident & Guaranty Corporation, 241 App.Div. 598, 272 N.Y.S. 593, 595. There the Court, holding that the plaintiff, who was given by Section 109 of the Insurance Law a right of action as an injured person against the insurer under the terms of the policy upon conditions which were found satisfied, might seek reformation, said that it was "[what] was fairly intended by the Legislature when Section 109 was enacted." The statute substituted the injured man for the contractor and no third person was concerned. Andrews v. Gillespie, 47 N.Y. 487, to which they also refer, holds nothing contrary to our decision. We are not dismissing the counterclaim for defect in indispensable parties but because the defendant is not the proper party to assert it nor the plaintiffs proper parties to the dispute.

The other defenses are all insufficient.