SALVATORE SIGISMONDI, Respondent, v. QUEENS TRANSIT CORP., Appellant, et al., Defendants.

Second Department, December 27, 1971.

*Goodstein, Zamore, Mehlman & Krones* (*Fred H. Krones* and *Benjamin Wm. Mehlman* of counsel), for appellant.

*Bohner & Bohner* for respondent.

SHAPIRO, J. Defendant the Queens Transit Corp. appeals from an order which granted the plaintiff's motion for summary judgment. The propriety of the Special Term's determination depends upon the interpretation of the contract entered into between the appellant (Queens) and the defendant Transport Workers' Union of America, A. F. L.-C. I. O., Local 100 (Union).

The plaintiff had been an employee of Queens for some 31½ years when he retired on January 31, 1969. It is undisputed that at that time he was entitled to receive a pension under the contract between Queens and Union. This litigation involves the amount of the pension; and that question depends upon the interpretation of the terms of the contract. The plaintiff claims he should receive a pension of $178.09 monthly, based on 31½ years of employment. Queens, on the other hand, claims he should receive a pension of only $141.35 monthly, based on a limit of 25 years of employment.

In my opinion, the Special Term was correct in granting the plaintiff summary judgment based upon its conclusion that there was no ambiguity in the contract as to the manner in which the plaintiff's pension was to be computed.

Section 8 of the agreement provides that 25 years of continuous service are required for a "regular" pension and that 15 years of continuous service are required for a "disability" pension. Paragraph (a) of that section provides: "(a) Every employee shall receive full credit for service with the Employer, and in addition he shall receive credit for prior service with any predecessor company up to fifty (50%) per cent of such prior service; except that the credit for such prior service is limited to such portion of that service as is necessary, when added to such service as the employee has with the Employer, to make a total of twenty-five (25) years of continuous service for the purpose of the regular pension, and a total of fifteen (15) years continuous service for the purpose of the disability pension.

Where the employee's service with the Employer has continued for twenty-five (25) years or longer, he shall not receive any credit for prior service with the predecessor company for the purpose of the regular pension or the disability pension."

The unmistakable intention of this paragraph is to create two methods of computing years of service for pension purposes, one for employees who worked for predecessor companies and another for employees who worked continuously for Queens, the employer. The plaintiff, as an employee who concededly worked for Queens continuously for 31½ years (without service with any predecessor company), is thus entitled to " full credit for service with the Employer."

" The construction of a plain contract is for the court. The intention of the parties is found in the language used to express such intention. (*Hartigan* v. *Casualty Co.*, 227 N. Y. 175.) If the court finds as a matter of law that the contract is unambiguous, evidence of the intention and acts of the parties plays no part in the decision of the case. Plain and unambiguous words, undisputed facts, leave no question of construction except for the court. The conduct of the parties may fix a meaning to words of doubtful import. It may not change the terms of a contract " (*Brainard* v. *New York Cent. R. R. Co.*, 242 N. Y. 125, 133).

Contrary to the holding of my dissenting brethren, I believe that extrinsic evidence of the acts of the parties under the contract is not admissible to show what is now claimed to be its intent (*Gearns* v. *Commerical Cable Co.*, 293 N. Y. 105, 109; *Heller & Henretig* v. *3620-168th St.*, 302 N. Y. 326, 330; *Nucci* v. *Warshaw Constr. Corp.*, 12 N Y 2d 16, 20), particularly in view of the fact that the plaintiff was not a party to those acts.

Similarly, there is no ambiguity in the contract with regard to the method of computing the amount of pension. Section 9 of the agreement states: " 9. The amount of the monthly pension to which each employee may become eligible herein, either under the regular pension provision or under the disability pension provision, shall be computed by multiplying such persons' years of service by one (1%) percent of his average monthly pay during the last ten (10) years of employment preceding his retirement."

The " years of service " factor by which the 1% of average monthly pay during the preceding 10 years of employment is to be multipled is the number of years of service with the employer described in paragraph (a) of section 8. The reference in section 8 to the 25 years of continuous service required for the regular pension is clearly intended to reiterate the mini-

mum eligibility for retirement expressed in section 6 rather than to establish a factor to be used in a computation of the amount of the pension.

The language of the agreement is plain and unambiguous with regard to both the method of computing years of service and the method of computing the amount of the pension as to persons such as the plaintiff whose entire service was with Queens. Hence, the grant of summary judgment to the plaintiff should be affirmed, without costs. By such conclusion, I do not intend to reach or determine any question as to the pension rights of employees who have had prior service with another employer.

HOPKINS, Acting P. J. (dissenting). I find that the terms of the contract are ambiguous, for they simultaneously can be read as granting a " regular " pension computed by multiplying 1% of the average monthly pay during the last 10 years of employment by either (1) the entire number of the employee's years of service (section 9 of the contract) or (2) the " twenty-five (25) years of continuous service for the purpose of the regular pension " (section 8 of the contract). Moreover, the contract as interpreted by the plaintiff results in a limit of 25 years of service as a basis for the pension granted to present employees of Queens who had been previously employed by predecessor companies of Queens, but unlimited as to years of service of employees continuously employed by Queens — a conclusion which Queens contends was not the intention of itself and the union in making the contract. The record further indicates that the union and Queens in other instances of retirement have interpreted the contract to limit the years of eligible service to 25 years and that this interpretation was not protested by either the employees or the union.

As a third-party beneficiary, the plaintiff may enforce the contract (*Gulla* v. *Barton*, 164 App. Div. 293; cf. Cox, Rights under a Labor Agreement, 69 Harv. L. Rev. 601, 646), but the contract cannot be stretched by the plaintiff as a third-party beneficiary to include benefits not contemplated by the parties (2 Williston, Contracts [3d ed.], § 394, p. 1064). When a contract is ambiguous, then one interpretation cannot be adopted over another, alike reasonable, as a matter of law; " all the circumstances must be considered which go to make clear the sense of the words " (9 Wigmore, Evidence [3d ed.], § 2470, p. 227), subject to the determination of the trier of the facts (*Lamb* v. *Norcross Bros. Co.*, 208 N. Y. 427, 431).

The acts of the parties under the contract are also admissible to show intent (*Brooklyn Public Lib.* v. *City of New York*, 250 N. Y. 495, 501; *St. Regis Paper Co.* v. *Hubbs & Hastings Paper Co.*, 235 N. Y. 30, 35–37), and this is particularly applicable to an employee's rights under a labor agreement (*Nelson* v. *General Elec. Co.*, 145 A. 2d 576, 579–580 [Mun. Ct. App., D. C.]).

Hence, triable issues arise which preclude the granting of summary judgment for either the plaintiff or Queens. Therefore, the order should be reversed and the motion denied.

MUNDER and BENJAMIN, JJ., concur with SHAPIRO, J.; HOPKINS, Acting P. J., dissents and votes to reverse the order and to deny the motion, in an opinion, in which BRENNAN, J., concurs.

Order of the Supreme Court, Queens County, dated March 29, 1971, affirmed, without costs.