## HARGRAVE v. MID-CONTINENT PETROLEUM CORPORATION et al.

### No. 359.

District Court, E. D. Oklahoma.

June 27, 1941.

See, also, 36 F.Supp. 233.

George C. Crump, of Wewoka, Okl., and A. L. Deaton, Jr., of Tulsa, Okl., for plaintiff.

I. L. Lockewitz and J. C. Denton, both of Tulsa, Okl., for Mid-Continent Petroleum Co.

RICE, District Judge.

■ Upon the trial of this cause most of the essential facts were either admitted or uncontroverted. In so far as the defendant questioned the right of the plaintiff to maintain this action as the agent of the respective parties mentioned in the complaint, the court finds against the contention of the defendant; that is, the court finds that Hubert Hargrave is entitled to maintain this action as the agent of those parties named in the complaint. Specifically as to the three persons who disclaimed any interest in this litigation and asked that their action against the companies be dismissed, the court finds that these parties authorized the said Hubert Hargrave to maintain this action for and in their behalf, however, the court adheres to its announced opinion at the time of the trial that, in so far as those parties are concerned, the judgment would be in favor of the defendants.

■ The court is of the opinion that the defendants are engaged in interstate commerce and in the production of goods for commerce within the meaning of the Fair Labor Standards Act of 1938, Section 16 (b), 29 U.S.C.A. § 201 et seq. The court is further of the opinion that the plaintiffs, who were employed in watching and guarding the wells and equipment of the defendant companies, were engaged in the production of goods for commerce within the meaning of the act and were engaged in commerce within the meaning of the act.

■ The fact that the plaintiffs received compensation in excess of the amount they would have been paid upon the basis of time and a half computed at the minimum wage provided for in the act, does not preclude the plaintiffs from recovery in this case. Their regular wage is to be computed upon the basis of the wages actually received each week divided by the number of hours worked each week. For that number of hours in excess of the maximum, plaintiffs are entitled to be compensated at the rate of one and a half times the regular rate. The plaintiffs have not received compensation for overtime at one and a half times their regular rate but have been paid only at regular rates of pay for all hours they worked during the weeks in question, and each plaintiff is therefore entitled to an additional one-half of his regular rate for each hour of overtime in each of the weeks in question.

In addition to such compensation, the plaintiffs each are entitled to recover an equal sum as liquidated damages.

■ Plaintiff's attorneys are entitled to a reasonable attorney's fee for main-

taining this action. In determining this amount, the court has taken into consideration the number of claims presented, the amount of times required in the preparation of the suit, the fact that written briefs were required by the court upon a motion filed after the cause was removed to this court, the fact that written briefs have been required upon the merits after the case was tried and submitted upon the facts, the fact that in all probability the cause will be appealed to the Circuit Court of Appeals. In fixing the fee the court has not attempted to determine the amount upon the basis of a fixed fee for each claimant, but rather the total fee that will compensate the attorneys for the plaintiffs in the maintenance of the action. The court is of the opinion that a fee of $750 should be allowed.

Attorneys for plaintiff will prepare a detailed finding of fact supported by the record, and conclusions of law in accordance with this memorandum, and likewise a proper form of judgment, and this cause is set for the entering of judgment in Muskogee on June 27, 1941.