In the Matter of the Arbitration between CITY BANK FARMERS TRUST COMPANY, as Trustee under the Will of MATHEW ROCK et al., Petitioners, and MICHAEL O'DONNELL et al., Respondents.

Supreme Court, Special Term, New York County, January 20, 1943.

*Stanley G. Horan* for petitioners.

*Julius Blumenfeld* for respondents.

WALTER, J. Petitioners employ respondents in the operation of what is described as a loft building. Three collective bargaining agreements are alleged to have been entered into regulating the terms of their employment. One is designated as " The Building Service Strike Agreement of 1936," but no copy thereof is presented nor are the terms thereof set forth otherwise than by the conclusory statement that by such agreement, as modified and supplemented by certain awards the terms of which are not disclosed, " due provision " was made for the arbitration of disputes and differences concerning wages and hours. Another agreement, called the Sloan agreement, contains a provision for an " administration board " as " an agency for the proper interpretation and maintenance of these standards of wages and hours, set up by this agreement." A third agreement, referred to as " National War Labor Board Agreement," provides that at all times there shall be a designated arbitrator " to decide all differences arising between the parties as to interpretation or performance of this agreement." Respondents are alleged to have brought an action in the City Court against one petitioner alleging that " additional compensation " is due them. The answering affidavit states, without contradiction, that that action is brought under the Fair Labor Standards Act of 1938. (U. S. Code, tit. 29, § 201 *et seq.*; and see *Terner* v. *Glickstein & Terner, Inc.*, 283 N. Y. 299, 302.)

No dispute or difference, other than a claim for wages to which respondents claim that statute entitles them, is in any way suggested; and plainly that is not a dispute or difference arising under or involving an interpretation or performance of any of the agreements alleged. It consequently follows that this application to compel arbitration and stay the prosecution of the City Court action must be denied.

Whether or not respondents come within the terms of the Act of Congress above mentioned and, if so, whether or not the agreements set up in the petition prevent respondents from recovering wages according to that Act of Congress, clearly are questions to be decided in the action which respondents have brought. They are not questions which any one here involved is shown to have agreed to arbitrate, even if they validly could so agree, which is a point upon which no opinion is expressed.