## ADAMS et al. v. UNION DIME SAV. BANK.

District Court, S. D. New York.

Jan. 20, 1943.

Melton, Lebovici & Arkin, of New York City, for plaintiffs.

McLananan, Merritt, Ingraham & Christy, of New York City, for defendant.

RIFKIND, District Judge.

Motion to strike affirmative defenses and counterclaim from answer to a complaint under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., seeking compensation for unpaid overtime, liquidated damages and attorney's fee.

The first, third, sixth and seventh affirmative defenses are insufficient in law. They include the defenses of estoppel, payment in excess of the minimum standards established by law if the wage scale is recalculated on a basis other than that stated in the contract, estoppel against the claim for liquidated damages, and unconstitutionality of the liquidated damage provision of the law as it affects this defendant. See Overnight Motor Transp. Co. v. Missel, 1942, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682.

The only possible distinction between the facts pleaded and those appearing in the precedents is that in the pleading under review it is alleged that the wage scale was established by genuine collective bargaining, supplemented by the processes of arbitration and mediation. The encouragement of collective bargaining and the settlement of labor disputes by recourse to the peaceful means of conciliation, mediation and arbitration are both public policies firmly established by congressional enactments and supported by federal appropriation. In framing the Fair Labor Standards Act, Congress could, had it so chosen, given precedence to those policies over the wage and hour standards therein provided, by exempting, in whole or in part, labor standards established by collective bargaining from any or all of its provisions. It has not so chosen. The courts must give effect to the legislative will where its power is constitutionally and validly asserted.

The fourth affirmative defense is insufficient on its face. The so-called arbitration clause does not apply to the kind of claim asserted in the complaint.

The fifth affirmative defense has been withdrawn.

The second affirmative defense and counterclaim require more detailed consid-

eration. In substance it seeks reformation of the employment contract to bring its terms within the scope of Walling v. A. H. Belo Corp., 1942, 316 U.S. 624, 62 S. Ct. 1223, 86 L.Ed. 1716. It alleges a mutual mistake of fact and law and prays that the court give effect to the true intention of the parties.

Courts may grant such relief. Pomeroy, Equity Jurisprudence, 5th Edition, Section 849a; Millspaugh v. Cassedy, 1920, 191 App.Div. 221, 181 N.Y.S. 276; Hunt v. Rousmanier's Administrators, 1823, 8 Wheat. 174, 5 L.Ed. 589; Philippine Sugar Estates Development Co., Ltd., v. Government of Philippine Islands, 1918, 247 U.S. 385, 38 S.Ct. 513, 62 L.Ed. 1177.

█ Accepting the facts as pleaded, as we must in considering a motion to strike, it appears that plaintiffs are seeking a windfall which will subject defendant to irretrievable loss. Moreover, in conferring the unexpected benefit upon the plaintiffs and the unanticipated detriment upon the defendant, an agreement reached by the processes of collective bargaining is turned into a scrap of paper. The history of the struggle of the wage earners for the improvement of their lot is so intimately entwined with the development of the means for, and the legal recognition of, collective bargaining, that the result sought by the plaintiffs herein cannot be joyfully regarded.

The motion to strike is granted except as to the second affirmative defense and counterclaim, and as to that, it is denied.

Submit order.