Thomas Garrity et al., Plaintiffs, *v.* Bagold Corporation et al., Defendants.

Supreme Court, Special Term, New York County, March 9, 1943.

*Alexander H. Carroad* and *Abraham Brass* for plaintiffs.

*Robert R. Bruce, Richard Swan Buell* and *John J. Boyle* for defendants.

SHIENTAG, J. This is a motion to strike out various defenses and a counterclaim contained in the defendants' answer. The plaintiffs' cause of action is predicated on the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*), which provides for the recovery of wages for overtime work et cetera.

The first defense pleads an estoppel. It alleges: (a) That the plaintiffs were paid in accordance with their contract, namely, the collective bargaining agreements; (b) that the plaintiffs never claimed their statutory wages for overtime work; (c) that the defendants, relying upon the aforesaid conduct of the plaintiffs, concluded leases with their tenants based upon different operating cost estimates from what they otherwise might have; (d) that the defendants changed their position as a result of the plaintiffs' conduct and would be irretrievably damaged if the plaintiffs prevailed in the instant action. This defense is without sanction in law. The employer is not permitted to relieve himself of the liability imposed upon him as a result of his violation of the statute. (*Wilkinson* v. *Noland Co.,* 40 F. Supp. 1009; *Lewis* v. *Nailling,* 36 F. Supp. 187; *Overnight Motor Transp. Co.* v. *Missel,* 316 U. S. 572.)

The second defense and counterclaim is sufficient. A mutual mistake of fact and law is pleaded. On a motion of this kind, the court must accept the allegations of the pleading at their face value; indeed, the pleader is entitled to the most favorable inferences that may be drawn from the allegations of the pleading sought to be stricken out. (See *Adams* v. *Union Dime Sav. Bank,* 48 F. Supp. 1022.)

The third defense of payment is insufficient in law. The defendants plead that the plaintiffs have been paid in full by reading into the collective bargaining agreements an implied intention by the contracting parties to comply with the Fair Labor Standards Act. This plea has been rejected by the courts. (See *Hargrave* v. *Mid-Continent Petroleum Corp.,* 42 F. Supp. 908; *Carleton Screw Products Co.* v. *Fleming,* 126 F. 2d 537; *Overnight Motor Transp. Co.* v. *Missel, supra.*)

The fourth defense pleads an agreement on the part of the parties to settle the disputes by arbitration. The dispute in issue here, however, is not embraced within the scope of the arbitration clause set forth by the defendants. No private agreement can override the express provisions of the law. (See *Voutrey* v. *General Banking Co.,* 39 F. Supp. 974; *Matter of City Bank Farmers Trust Co.* [*O'Donnell*], 179 Misc. 770.)

As a fifth and partial defense the defendants allege that they offered to pay to the plaintiffs the overtime provided by the

Act without the liquidated damages and attorneys' fees, and that by virtue of their offer, which they claim was made in good faith, they should be absolved from paying liquidated damages and attorneys' fees. This defense is insufficient in law. (See *Lefevers* v. *General Export Iron & Metal Co.*, 36 F. Supp. 838; *Emerson* v. *Lincoln Candies, Inc.*, 173 Misc. 531; *Overnight Motor Transp. Co.* v. *Missel, supra.*)

The sixth partial defense, which pleads the unconstitutionality of the Act upon which plaintiffs predicate their cause of action, is also insufficient as matter of law. (See *Overnight Motor Transp. Co.* v. *Missel, supra.*)

Accordingly, all of the defenses are stricken out except the second complete defense and counterclaim. Settle order.