**BAILEY v. KAROLYNA CO., Limited, et al.**

District Court, S. D. New York.
April 10, 1943.

Sperling & Sobel, of New York City (Edward P. Sobel, of New York City, of counsel), for plaintiff.

Stanley Gray Horan, of New York City, for defendants.

HULBERT, District Judge.

Plaintiff moves, under Rule 12(b) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to strike out the several affirmative defenses and counterclaim pleaded in defendants' answer.

This is, in reality, a motion to dismiss, and will be so considered.

The action was brought under the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219, on the plaintiff's own behalf and on behalf of all other similarly situated, to recover unpaid overtime wages, liquidated damages and reasonable counsel fees.

Defendants deny that any sum is due to plaintiff, and in addition plead the affirmative defenses and counterclaim challenged by this motion.

Reserving the third defense, which contains the counterclaim, for final disposition, the other defenses will be considered in the order in which they are pleaded.

■ The first defense alleges that at all times mentioned in the complaint, the plaintiff and the defendants were mutually bound by certain collective bargaining agreements with a Labor Union, of which plaintiff was a member, and that plaintiff was paid in full for his services in strict compliance with the terms of such agreements.

The issues to be decided in this connection are twofold:

(1) Does the Fair Labor Standards Act apply to the plaintiff? And, in this respect, the Court must determine whether the plaintiff's employment was such that he was "engaged in commerce, or in the production of goods for commerce" as defined in Title 29 U.S.C.A. § 203.

(2) If the Act applies, has the plaintiff been paid the minimum wages therein prescribed?

If the first question is answered in the negative, or if both questions are answered in the affirmative, the plaintiff cannot recover. On the other hand, if the first question is answered in the affirmative and the second in the negative, plaintiff is entitled to prevail and it is immaterial whether the wages actually paid to the plaintiff were fixed in collective bargaining agreements executed either before or after the date of the Act. See: Overnight Motor Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682; Walling v. Belo Corporation, 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716; Mid-Continent Pipe Line Co. v. Hargrave, 10 Cir., 129 F.2d 655; Walling v. Stone, 7 Cir., 131 F.2d 461; Emerson v. Lincoln Candies, Inc., 173 Misc. 531, 17 N.Y.S.2d 851, affirmed 261 App.Div. 879, 26 N.Y.S.2d 489, affirmed 287 N.Y. 577, 38 N.E.2d 234. It follows, therefore, that the first defense is insufficient and must be dismissed.

The second defense alleges that in full reliance upon plaintiff's acceptance of the aforementioned agreements, and the wages paid to him as therein provided for, and his failure to claim any additional wages, the defendants calculated their operation and maintenance costs and determined upon the rentals to be charged their tenants; that these rentals cannot now be changed during the period of existing tenancy and, therefore, plaintiff is estopped from maintaining this action.

■ It has been held that employees cannot bargain away their rights under the Act or release their employers from paying the full amounts due thereunder. Rigopoulos v. Kervan, D.C., 47 F.Supp. 576; Schneider v. Sports Vogue, Inc., 35 N.Y.S.2d 341. See, also, Mid-Continent Pipe Line Co. v. Hargrave, supra; Colan v. Wecksler, D.C., 45 F.Supp. 508. And if the employers cannot be relieved of their obligations or duties under the Act by any affirmative action of their employees, they cannot be relieved by any failure on the part of any such employees to insist upon a full compliance with the Act. Accordingly, this defense must also be dismissed.

■ The fourth defense alleges that even if the Fair Labor Standards Act is applicable to the plaintiff, the collective bargaining agreements are not inconsistent therewith and that plaintiff has been fully paid all that he is entitled to receive. This defense is insufficient and must be dismissed for the same reasons as stated with respect to the first defense.

■ The fifth defense alleges that the agreements in question provide for the arbitration of all grievances arising out of the employment of the plaintiff by the de-

fendants, and that the defendants invoke the right to have this controversy settled and determined in accordance with such provisions. The arbitration clauses were not intended to, and have no relation to, the claim asserted by the plaintiff. His claim arises under the provision of the Fair Labor Standards Act and not under any clauses contained in the agreements. These same clauses have been held to be inapplicable to disputes of this nature. See City Bank Farmers Trust Co. v. O'Donnell, 179 Misc. 770, 39 N.Y.S.2d 842. This defense is also dismissed.

■ The sixth defense alleges that the plaintiff's course of conduct was such that his damages were increased rather than minimized and, therefore, he is estopped from asserting any claims for liquidated damages and counsel fees. This defense is similar to and must be dismissed for the same reasons as stated with respect to the second defense.

■ The seventh defense alleges that the Fair Labor Standards Act is unconstitutional in so far as it provides for the recovery of liquidated damages and counsel fees.

In dismissing this defense it is only necessary to state that the constitutionality of the Act in so far as the provisions in question are concerned, were expressly upheld in Overnight Motor Co. v. Missel, supra.

Defenses similar to those heretofore disposed of were found to be insufficient by this court in Adams v. Union Dime Savings Bank, D.C., 48 F.Supp. 1022, decided by Rifkind, D. J., Jan. 20, 1943, and by the New York Supreme Court, New York County, in Garrity v. Bagold Corp., 180 Misc. 120, 42 N.Y.S.2d 257, Shientag, J.; Drenne v. Mutual Life Ins. Co., —— Misc. ——, 42 N.Y.S.2d 259, Shientag, J., and Rienzo v. City Bank Farmers Trust Co., Dineen, J., Apr. 6, 1943.[1]

■ The third defense alleges that all of the parties who entered into the collective bargaining agreements believed that the Fair Labor Standards Act did not apply to the plaintiff, and that if they had known that the Act was applicable the agreements would have been drawn so as to comply therewith, notwithstanding the plaintiff's wages would not have exceeded the amounts already paid to him; and that, therefore, if the parties were in error as to the applicability of the Act, the mistake was a mutual one of fact and law and the agreements should be reformed. Similar defenses were sustained in the Adams and Garrity cases, but were rejected in the Rienzo case, supra.

I am unable to agree with the decision of the Court in the Adams and Garrity cases, supra, but I am in accord with the determination reached in the Rienzo case, and hold this defense is insufficient.

■ Reformation of a written agreement may be had

"1. Where there is a mutual mistake,— that is, where there has been a meeting of minds,—an agreement actually entered into, but the contract, deed, settlement, or other instrument, in its written form, does not express what was really intended by the parties thereto; and

"2. Where there has been a mistake of one party accompanied by fraud or other inequitable conduct of the remaining parties." Pomeroy's Equity Jurisprudence, 5th Ed., vol. 4, § 1376.

In Curtis v. Albee, 167 N.Y. 360, at page 364, 60 N.E. 660, 661, it was stated by the Court: "An action to reform a written agreement rests upon the theory that the parties came to an understanding, but in reducing it to writing, through mutual mistake, or through mistake on one side and fraud on the other, omitted some provision agreed upon, or inserted one not agreed upon. The object of such an action is to so change the instrument, as written, as to conform it to the agreement as made, by inserting the provision omitted, or striking out the one inserted by mutual mistake. In the absence of fraud, nothing can be put in or taken out by the court, unless it was the intention of both parties that it should go in or be left out when the agreement was written."

See, also, Lewitt & Co., Inc., v. Jewelers' Safety F. Soc., 249 N.Y. 217, 164 N.E. 29; Metzger v. Ætna Ins. Co., 227 N.Y. 411, 125 N.E. 814; Salomon v. North British & M. Ins. Co., 215 N.Y. 214, 109 N.E. 121, L.R.A.1917C, 106.

In the case at bar it is not claimed that anything was omitted from or anything was inserted into the agreements contrary to the intentions of the parties. There was no mutual mistake, or mistake on one side and

---

[1] No opinion for publication.

fraud on the other, which resulted in the failure of the written instruments to express that which the parties had agreed upon. It may be that when the agreements were drawn the parties were ignorant as to the applicability of the Fair Labor Standards Act to the plaintiff but such ignorance does not justify reformation, although it might be the basis for rescission. Curtis v. Albee, supra. However it is unnecessary to pass upon that point at this time.

In order to comply with the Fair Labor Standards Act the agreements should have contained two elements: (1) either a stated hourly rate for regular work or a limit on the total number of hours to be worked for a fixed salary; and (2) an express provision that overtime should be paid for at time and a half the regular rate. Walling v. Stone, 7 Cir., 131 F.2d 461–463.

Admittedly, these elements are missing from the agreements in question. True, they might have been included if the parties had been aware of their rights and liabilities under the Act, but that is not a sufficient basis for reformation, which in such a case would mean rewriting the agreements and not merely changing them so as to conform with the true intention of the parties. Accordingly, the third affirmative defense and counterclaim must be dismissed. Settle order on notice in accordance with the foregoing opinion.