BROOKLYN SAVINGS BANK, Plaintiff, *v.* PAUL XUEREB et al., Defendants.*

Supreme Court, Special Term, Kings County, May 27, 1943.

* Cf. *Wolf* v. *Bell*, 180 Misc. 587. — [REP.

*Moses M. Cohen* for Paul Xuereb, defendant.

*Snedeker & Snedeker* for plaintiff.

*Harold J. Treanor* for Cross & Brown Company, defendant.

HOOLEY, J.   Motion to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action and upon the further ground that the plaintiff has not legal capacity to sue by reason of the fact that the complaint seeks reformation of the contract to which neither the plaintiff nor the defendant was a true party.   The defendant Xuereb was a building service employee in a building owned by the plaintiff and he brought an action in the Municipal Court under the provisions of an Act of Congress known as the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) for overtime compensation together with an additional equal amount as liquidated damages, alleged to be due him by reason of the plaintiff's failure to pay him overtime compensation in accordance with the provisions of the Act, plus a reasonable sum for attorney's fees.   The plaintiff brings this action to reform the collective bargaining agreements under which Xuereb worked, upon the ground that the same were made under a mutual mistake.   The complaint alleges that the weekly compensation specified in the collective bargaining agreements was intended to be in full payment for all hours worked both regular and overtime, and that the agreements contain the weekly wages for which the employees were to work and the regular weekly hours of their employment.   What is now sought is that there be a specification of the hourly rate.   Upon the facts pleaded, a cause of action is set forth.   Complaints or counterclaims for reformation under similar conditions have been recently sustained.   (*Garrity* v. *Bagold Corp.*, 180 Misc. 120; *Adams* v. *Union Dime Savings Bank*, 48 F. Supp. 1022; *Brooklyn Savings Bank* v. *Walmsley*, Supreme Court, Kings County, N. Y. L. J., April 29, 1943, p. 1686).   This court

agrees with the viewpoint contained in those decisions. If the contract does not contain what the parties intended there is a mutual mistake and if such mutual mistake causes a result which neither party intended, then reformation is proper. The motion is in all respects denied.