WILLIAM WALSH et al., Individually and in Behalf of All Other Employees, Past and Present, of Defendants, at Premises 515 Madison Avenue, New York City, Similarly Situated, Plaintiffs, *v.* 515 MADISON AVENUE CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, May 27, 1943.

*Leonard Fastenberg* for plaintiffs.

*Newman & Bisco* for defendants.

BERNSTEIN, J. This is a motion by the plaintiffs to strike out all the affirmative defenses, including the counterclaim incorporated in the third defense, pursuant to rule 109 of the Rules of Civil Practice. The action is one brought by the

building service employees of the defendants' building at 515 Madison Avenue, in the city of New York, to recover unpaid overtime compensation and an additional equal amount as liquidated damages under the provisions of subdivision (b) of section 16 of the Fair Labor Standards Act of 1938 [U. S. Code, tit. 29, § 216, subd. (b)]. The building in question is alleged to be a large office and loft building, separate units of which are rented to and used by various tenants who have been engaged in the production of goods for interstate commerce ever since the effective date of the Act.

The defenses interposed here are not new to an action of this kind. They have been assailed in other similar actions and passed upon. This court is consequently constrained to follow the adjudicated cases.

The first defense alleges that certain master collective bargaining agreements have been entered into between a board acting for the defendants and a union acting for the plaintiffs, which were binding upon the parties; that it was an implied condition of those agreements that if the Act should apply to the plaintiffs, the agreements should be so construed as to fix the plaintiffs' compensation at an amount that would equal but not exceed the amounts fixed thereunder; and that the plaintiffs have been fully paid in strict accordance with those agreements. Similar pleas in other cases have heretofore been rejected. (*Overnight Motor Transportation Co.* v. *Missel*, 316 U. S. 572; *Hargrave* v. *Mid-Continental Petroleum Corp.*, 42 F. Supp. 908; *Garrity* v. *Bagold Corp.*, 180 Misc. 120\*; *Bailey* v. *Karolyna Co., Ltd.*, 50 F. Supp. 142.) The plea in this case is indistinguishable from those in the cited cases, and must be similarly rejected.

The second defense pleads an equitable estoppel on the part of the plaintiffs arising from their acceptance of the compensation fixed by the agreements and the defendants' reliance thereon in fixing rents. That defense has similarly been held insufficient in cases arising under the Act. (*Wilkinson* v. *Noland Co.*, 40 F. Supp. 1009; *Dreene* v. *Mutual Life Ins. Co.*, Supreme Court, New York County, N. Y. L. J., March 5, 1943, p. 884; *Garrity* v. *Bagold Corp.*, 180 Misc. 120\*, *supra; Bailey* v. *Karolyna Co., Ltd., supra.*)

The fourth defense rests upon a contention that the plaintiffs are estopped by their conduct from asserting a claim for

---

\* Affirmed as to the points for which here cited, with opinion, 267 **App. Div.** 353.

liquidated damages or attorneys' fees. It is insufficient under the authorities cited for the rejection of the second defense.

The fifth defense attacks the constitutionality of the Act insofar as it applies to the defendants. Since the Act has already been sustained (*United States* v. *Darby,* 312 U. S. 100), that defense is also insufficient.

The sixth defense pleads the three-year Statute of Limitations applicable to actions upon statutory penalties or forfeitures. (Civ. Prac. Act, § 49, subd. 3.) This action, however, is not one upon a penalty but upon a liability created by statute (Civ. Prac. Act, § 48, subd. 2), to which the six-year Statute is applicable. The double damage payable to the person aggrieved constitutes additional compensation by way of liquidated damages, and not punishment. (*Overnight Motor Transportation Co.* v. *Missel,* 316 U. S. 572, *supra.*) Regardless of what it is called, it is not so plainly disproportionate to the injury as to be treated as a penalty. (*Seidlitz* v. *Auerbach,* 230 N. Y. 167, 173.)

This brings us to a consideration of the third defense and counterclaim, which alleges " that it now appears as a result of the decision of the Supreme Court of the United States in the case of *Kirschbaum* v. *Walling* (316 U. S. 517) that in entering into and carrying out said collective bargaining agreements according to their terms, plaintiffs and said defendants may have acted under a mutual mistake of fact and law as to the non-application of the Act to their employment relationship ", and asks for a reformation of the agreements. Recent decisions upon the sufficiency of a plea of that kind have been conflicting. It has been upheld in two cases (*Adams* v. *Union Dime Savings Bank,* 48 F. Supp. 1022, and *Garrity* v. *Bagold Corp.,* 180 Misc. 120\*, *supra*) and ruled out in two others (*Rienzo* v. *City Bank Farmers Trust Co.,* Supreme Court, New York County [DINEEN, J.], N. Y. L. J., April 7, 1943, p. 1354, and *Bailey* v. *Karolyna Co., Ltd.,* 50 F. Supp. 142, *supra*). Careful consideration of the question has led this court to concur with the conclusions reached in the last two cited cases. The reasoning of HULBERT, D. J., in the *Bailey* case appears to be unassailable: — " In the case at bar it is not claimed that anything was omitted from or anything was inserted into the agreements contrary to the intentions of the parties. There was no mutual misake, or mistake on one side and fraud on the other, which resulted in the failure of the written instruments to express that which the parties had

---

\* Reversed as to the point for which here cited, with opinion, 267 **App. Div.** 353.

222

agreed upon. It may be that when the agreements were drawn the parties were ignorant as to the applicability of the Fair Labor Standards Act to the plaintiff but such ignorance does not justify reformation, although it might be the basis for rescission ''. In that view, the said defense and counterclaim must also be held insufficient. Motion granted. Settle order.