JAMES RIENZO, SR., et al., Plaintiffs, *v.* CITY BANK FARMERS TRUST COMPANY et al., Defendants.

Supreme Court, Special Term, New York County, June 1, 1943.

*Bernard Margolis* for plaintiffs.

*Stanley Gray Horan* for defendants.

MILLER, J. This is a motion to strike affirmative defenses and a counterclaim in an action brought to recover compensa-

tion for overtime, liquidated damages and attorney's fees under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) upon the claim that the plaintiffs were operators in the loft building owned by defendant and that the tenants thereof were engaged in the manufacture of goods in interstate commerce. The first defense claims an equitable estoppel in that in reliance upon the collective bargaining agreement between the parties and the course of conduct of the plaintiffs in failing to claim any additional wages than provided for in the agreement the defendants calculated their operation costs and determined upon the rentals to be charged their tenants and that these rentals cannot now be changed during the period of existence of the tenancy. This defense is insufficient. The statute cannot be avoided by any act or omission of the parties. (*Campbell* v. *Mandel Auto Parts Corp.,* 31 N. Y. S. 2d 656, affd. 264 App. Div. 701.)

In the second defense and counterclaim the defendants allege that the collective bargaining agreements '' were entered into and carried out in the mutual and *bona fide* belief that the plaintiffs, as building service employees at said premises were not engaged in commerce or the production of goods for commerce *within the meaning of the Act* and that therefore said Act had no application to their employment relationship.''

It is not claimed that the agreements fail to express that which the parties had agreed upon or that it is not the agreement they intended to make. The fact that, when the agreements were made, the parties were ignorant of the applicability of the Fair Labor Standards Act to the elevator operators in loft buildings, does not justify reformation (*Curtis* v. *Albee,* 167 N. Y. 360, 364; *Bailey* v. *Karolyna Company, Ltd.,* 50 F. Supp. 142). The second defense and counterclaim is insufficient. As the third defense has been withdrawn, it is accordingly stricken out. The motion is granted in all respects.