GREENBERG v. ARSENAL BLDG. CORPORATION et al.

District Court, S. D. New York.

July 12, 1943.

Victor J. Herwitz, of New York City (James L. Goldwater, of Washington, D. C., and Emanuel Bund, of New York City, of counsel), for plaintiff.

McLanahan, Merritt, Ingraham & Christy, and Kenneth C. Newman, all of New York City (Robert R. Bruce, John J. Boyle,

and Richard Swan Buell, all of New York City, of counsel), for defendants.

GODDARD, District Judge.

Plaintiff sues on behalf of himself and twenty-five other employees or former employees of the Arsenal Building, to recover unpaid overtime compensation alleged to be due under Section 7(a) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 207 (a), for varying periods of employment from October 23, 1938, to February 5, 1942. Plaintiff also seeks to recover under Section 16(b) of the Act, 29 U.S.C.A. § 216(b), an additional equal amount as liquidated damages and an attorney's fee. The defendant, Arsenal Building Corporation, is the owner of the twenty-two story loft building located at the corner of Seventh Avenue and Thirty-fifth Street, New York City, known as the "Arsenal Building". The defendant, Spear & Co., Inc., manages and operates the building for the owner. By stipulation of the parties, the action has been discontinued as against defendant, Arsenal Annex Corporation.

Jurisdiction of the court rests upon Section 41(8), 28 U.S.C.A. (Judicial Code, § 24), and Section 16(b) of the Act.

Various defenses have been interposed by defendants. In the interests of convenience and clarity, I shall deal first with the four remaining defenses, and lastly with the counterclaim for reformation.

### Estoppel

The defense of estoppel rests on the following allegations—

(a) That plaintiff and other employees were employed and paid in accordance with collective bargaining agreements.

(b) That neither plaintiff nor other employees ever made a claim for additional compensation.

(c) That defendant, in determining lease rentals, acted to its detriment in reliance on labor cost calculated on the basis of these collective bargaining agreements.

This defense lacks validity in the light of existing authorities. The fact of the existence of an employer-employee relationship based upon collective bargaining agreements does not alter the obligation of an employer to comply with the Fair Labor Standards Act. Overnight Motor Transp. Co., Inc., v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 1220, 86 L.Ed. 1682. Mr. Justice Reed, after discussing the pur-

poses of the Act, and the public policy it embodied, said: "If overtime pay may have this effect upon commerce, private contracts made before or after the passage of legislation regulating overtime cannot take the overtime transactions 'from the reach of dominant constitutional power.'" Vide, Wage and Hour Division, Interpretative Bulletin, No. 8, paragraphs 4, 7. Certainly, as plaintiff contends, employees paid in accordance with such collective agreements are not barred from seeking recovery on back wages. Adams et al. v. Union Dime Sav. Bank, D.C., 48 F.Supp. 1022; Interpretative Bulletin, No. 8, paragraphs 4, 5, 6, 7. [N.B. The opinions of the Administrator are persuasive and entitled to great weight. United States v. Darby, 312 U.S. 100, 119, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430; United States v. American Trucking Ass'ns, Inc., et al., 310 U.S. 534, 549, 60 S.Ct. 1059, 84 L.Ed. 1384; Bumpus v. Continental Baking Co., 6 Cir., 124 F.2d 549, 140 A.L.R. 1258.]

■ Nor is the fact that no claim for additional compensation was ever made by plaintiff material. Plaintiff seeks here to enforce a public and not a private right. Congress set the standards for labor embodied in the Act in order to increase substandard pay, discourage overtime work, relieve unemployment, and to induce worksharing. Overnight Motor Transportation Co., Inc., v. Missel, supra, 316 U.S. at pages 577, 578, 62 S.Ct. at page 1219, 86 L.Ed. 1682. The parties cannot, by private agreement, circumvent the public policy expressed in the Act, and it is equally without merit to say that a party is estopped from seeking his rights, as here, under the Act, because he had not claimed them earlier.

■ As to the loss in lease rentals which defendants claim to have suffered, hardship cannot excuse a failure to comply with the Act. Missel case, supra, 316 U.S. at page 583, 62 S.Ct. at page 1222, 86 L.Ed. 1682; Rigopoulos et al. v. Kervan, D.C., 47 F.Supp. 576, 577. Besides, there is considerable doubt, in the light of the record, as to whether any loss in rentals was occasioned by the alleged miscalculation of labor costs. The testimony of Mr. Spear, Vice-President of Spear & Co., Inc., is eloquent on this point.

### Payment

■ This [fourth] defense is based on the assumption that the collective agreements under which plaintiff was employed and paid complied with the Act. The agreement is that no regular hourly rate was provided by the agreements, but that plaintiff was employed at such implied rates as would, with overtime pay at time and a half for hours in excess of the Act's standards, equal the regular weekly wages actually paid. This defense is insufficient in law. Missel case, supra; Bumpus v. Continental Baking Co., 6 Cir., 124 F.2d 549, 552; Carleton Screw Products Co. v. Fleming, 8 Cir., 126 F.2d 537, 540; Hargrave v. Mid-Continent Petroleum Corp., D.C., 42 F.Supp. 908, 909; Garrity, etc., v. Bagold Corp. et al., 180 Misc. 120, 42 N.Y. S.2d 257, opinion of Judge Shientag; Adams et al. v. Union Dime Savings Bank, supra.

### Seventh Defense

■ Here, defendant offers a settlement, i.e. payment of unpaid overtime compensation. This combined with an allegation of good faith, and a statement that the application of the Act to these particular employees was doubtful prior to the decision in Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638, is relied upon to bar the recovery of liquidated damages and attorney's fees. This defense, too, is invalid in light of the Missel case. The same argument was advanced in that case, and it was held that the liquidated damages provision was "mandatory on the courts". 316 U.S. at pages 581, 582, 62 S.Ct. at page 1222, 86 L.Ed. 1682. See also Rigopoulos v. Kervan, supra. Thus, an award for liquidated damages and attorney's fees is not left to the discretion of the courts, and neither good faith nor a settlement can justify a court in refusing to give effect to its provisions. It is a compulsory corollary to an award of back overtime pay.

### Constitutionality

■ Defendants plead that that part of the Act permitting recovery of liquidated damages and attorney's fees, i.e. Section 16(b), is unconstitutional if recovery is permitted in the circumstances of this case. Overnight Motor Transp. Co., Inc., v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, specifically upheld the constitutionality of Section 16(b). See Adams et al. v. Union Dime Sav. Bank, supra.

### Counterclaim

Defendants counterclaim for reformation on the ground of mutual mistake of fact

and law on the part of the parties as to the collective bargaining agreements, and the applicability or non-applicability of the Act to their employment relationships.

■ It is well settled in the federal courts [as it was at common law] that equity will not grant reformation for a mistake of law. In the earliest Supreme Court case, Hunt v. Rousmaniere's Adm'rs, 1 Pet. 1, 14, 7 L.Ed. 27, the court remarked: "We hold the general rule to be, that a mistake of this character [a mistake of law] is not a ground for reforming a deed * * *; and whatever exceptions there may be to this rule, they are not only few in number, but they will be found to have something peculiar in their characters." The Hunt case was subsequently affirmed by the court in Bank of United States v. Daniel, 37 U. S. 32, 12 Pet. 32, 9 L.Ed. 989. Discussing the exceptions to the general rule, the court there said, 37 U.S. at page 40, 12 Pet. at page 40, 9 L.Ed. 989: "The few cases which form exceptions to the rule, will usually be found to contain some other ingredient than mere mistake or ignorance; such as surprise, undue influence or oppression." The Supreme Court in Snell v. Insurance Co., 98 U.S. 85, 91, 25 L.Ed. 52, quoted Story's Eq. Jurisprudence to the effect that these exceptional cases where a court of equity may grant reformation for mistake of law are "resting on discretion, and to be exercised only in the most unquestionable and flagrant cases." See also Griswold v. Hazard, 141 U.S. 260, 11 S.Ct. 999, 35 L.Ed. 678. Cf. Philippine Sugar, etc., Co. v. Government of Philippine Islands, 247 U.S. 385, 38 S.Ct. 513, 62 L.Ed. 1177, where reformation was granted, but in that case "the language used therein did not fully or accurately express the agreement and intention of the parties." 247 U.S. at page 389, 38 S.Ct. at page 514, 62 L.Ed. 1177.

■■ It has been held that mistake as to what the courts may hold in the future is insufficient ground for reforming a contract which at the time of its execution correctly expressed the intention of parties. McGinley Corp. v. Lido Oil Co., 5 Cir., 71 F.2d 81. And it is clear that "proof of the 'clearest and most satisfactory character'" is necessary to warrant reformation. Southern Surety Co. v. United States Cast Iron Pipe & Foundry Co., 8 Cir., 13 F.2d 833, 837.

■ Defendants therefore cannot get reformation. A mistake of law, if there was any here, would not warrant the grant-ing of such relief. And there is not sufficient evidence in the record to support the allegation of a mistake of fact. See Bailey et al. v. Karolyna Co., Ltd., et al., D.C., 50 F.Supp. 142, opinion by Judge Hulbert; Garrity, etc., v. Bagold Corp. et al., 180 Misc. 120, 42 N.Y.S.2d 257, opinion by Judge Shientag; Rienzo v. City Bank Farmers Trust Co.,[1] opinion by Judge Dineen, April 6, 1943.

■■ The defendant, Spear & Co., Inc., is an "employer" within the meaning of the Fair Labor Standards Act. Section 3(d), 29 U.S.C.A. § 203(d), says: "'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee * * *". Where a statute defines the meaning of words used therein, the statutory definition must prevail, regardless of what other meaning may be attributable to it by other authorities, or even by common understanding. Fox v. Standard Oil Co., 294 U.S. 87, 55 S.Ct. 333, 79 L.Ed. 780; Emery Bird Thayer Dry Goods Co. v. Williams, 8 Cir., 98 F.2d 166.

Spear & Co., Inc., performed many of the services customarily performed by an owner managing his own building. Spear & Co., Inc., had a branch office in the Arsenal Building and was not only the rental agent for it, but hired the personnel of the building, paid them their wages, for which they were reimbursed by the owner, directed and supervised them in the performance of their duties. In other words, Spear & Co., Inc., managed the building for the owner.

On appeal to the Circuit Court of Appeals, Fleming v. Arsenal Building Corp., 2 Cir., 125 F.2d 278, that court indicated that Spear & Co., Inc., came within the definition of an "employer" under the Act, for it said in its opinion: "We may ignore the defendant, Spear & Co., Inc. for any decision as to it must concededly follow that as to the Arsenal Building Corporation".

Section 16(b) of the Act provides for the payment of overtime in accordance with Section 7(a) and fixes the liquidated damages to which an employee is entitled as an additional amount equal to the unpaid overtime; it also provides that the award shall also include a reasonable attorney's fee to the plaintiff and costs.

It has been stipulated that if entitled to recover, the plaintiff is entitled to recover the following respective amounts for over-

704

time exclusive of any additional amounts which may be awarded as liquidated damages, attorney's fees, or costs, and less deductions for Social Security Tax and the "Victory Tax", if such deductions are required by law:

| | |
|---|---|
| Meyer Greenberg | $184.00 |
| George W. Silvera | 210.84 |
| Harry B. Simon | 208.45 |
| Santiago Balara | 35.10 |
| Jerry Suarez | 35.98 |
| Phillip Haberman | 178.49 |
| Julio Roque Del Valle | 183.23 |
| Michael Cassar | 200.34 |
| Joseph A. Costa | 195.50 |
| John Cassar | 174.86 |
| Jose Garcia | 197.79 |
| Anthony Cali Lo Spesa | 94.36 |
| Harry Blum | 193.69 |
| Clarence Bryant | 205.46 |
| Eli Davis | 227.53 |
| Jose Martinez | 219.80 |
| Jose L. Garcia | 165.80 |
| Arthur Lipsman | 201.78 |
| August Gangi | 164.96 |
| Charles Anderson | 234.32 |
| V. James Catone | 207.42 |
| Manuel Longueira | 655.55 |
| Manuel Veiga | 179.93 |
| Raymond Ramo | 659.30 |
| Julius Falcheck | 71.74 |
| Andrew Martinez | 93.87 |

As liquidated damages the plaintiff is entitled to an award equal to the amount due him for overtime. The case was well prepared, tried and briefed by both counsel and the trial occupied some eight court days and presented defenses that were novel. But in view of the fact that there was neither bad faith nor wilful violation of the Act, and that the amount which the Wage and Hour Division of the United States Department of Labor found to be due to the respective plaintiffs for overtime was offered to them by defendants before trial and refused, and the fact that the mandatory penalties imposed by the Act are severe, the fee of the attorney for the plaintiff should be limited to quite a reasonable one, and it is fixed at $750.

In the case at bar the plaintiff is entitled to collect the amount due him from the defendant, Arsenal Building Corporation, or from the defendant, Spear & Co., Inc.

Plaintiff may have a decree accordingly, and plaintiff may submit upon five days notice proposed findings of facts and conclusions of law.