260 FIFTH AVENUE CORPORATION et al., Plaintiffs, *v.* EMANUEL SCYCHEL et al., Defendants.

Supreme Court, Special Term, New York County, October 11, 1943.

*Moses M. Cohen* for individual defendants.

*Victor J. Herwitz* for Local 32-B, Building Service Employees' International Union, defendant.

*Stanley, Gray & Horan* for plaintiffs.

NULL, J. The action is for the equitable reformation of agreements of employment alleged to have been made with the individual defendants at various times between October, 1938, and January, 1942. It is alleged that these agreements, presumably oral, were based upon and included the terms and provision of certain written master collective bargaining agreements executed between the defendants Realty Advisory Board on Labor Relations, Inc., and Building Service Employees' International Union, Local 32-B.

Although the plaintiffs assert that the action is not directed to the master collective bargaining agreements, it is obvious that the reformation of the individual employment agreement necessarily must include a revision of the master agreements. It is questionable whether in this action there could be accomplished by indirection at the behest of the plaintiffs a rewriting of the master agreements which appear to have been made, not for the individual benefit of the plaintiffs, but for collective benefits and common interest of all who may have authorized or subscribed to them. (*Munkens* v. *1412 Broadway, Inc.,* 50 F. Supp. 632.)

The complaint is drawn upon the theory that the plaintiffs and the individual defendants negotiated under mutual mistakes of fact. It is apparent, however, that the circumstances alleged as the factual mistakes of the parties relate to a misapprehension of the extent and application of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*). The court is unable to subscribe to the conclusion that the applicability of the Fair Labor Standards Act to the employment of the individual defendants would give rise to a mistake of fact, whereas its inapplicability would not. If they were mistakes at all, they were not mistakes of fact.

The prevailing weight of authority resting upon recent decisions in this court and in the Federal courts dealing with similar facts and circumstances warrants the conclusion that the complaint is insufficient in law. (*Bowles* v. *Cross & Brown Co.,* Sup. Ct., New York County, N. Y. L. J., Mar. 31, 1943, p. 1248, col. 2; *Bailey* v. *Karolyna Co., Ltd.,* 50 F. Supp. 142; *Wolf* v. *Bell,* 180 Misc. 587; *Walsh* v. *515 Madison Ave. Corp.,* 181 Misc. 219, affd. without opinion 267 App. Div. 756; *Rienzo* v. *City Bank Farmers Trust Co.,* 180 Misc. 333 ; *Dillon* v. *247 Corp.,* Conger, D. J., U. S. Dist. Ct., S. D. N. Y., decided June 11, 1943; *Greenberg* v. *Arsenal Building Corp.,* 50 F. Supp. 700.)

In addition, it is extremely doubtful whether oral agreements or agreements under which employees are employed at will on a week-to-week basis may be the subject of reformation in an action instituted some time after the termination of the employment relationship.

The motion to dismiss the amended complaint pursuant to rule 106 of the Rules of Civil Practice is granted. Submit order.