GEORGE BARROW, Plaintiff, *v.* ADAMS & Co. REAL ESTATE, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, November 30, 1943.

*Moses M. Cohen* for plaintiff.

*Frederick E. Zane* for defendant.

SHALLECK, J. Plaintiff sues to recover overtime wages and liquidated damages under the Fair Labor Standards Act of 1938. (U. S. Code, tit. 29, § 201 *et seq.*)

The defendant is a real estate broker and agent. It manages real estate and operates about one hundred commercial buildings in the Borough of Manhattan. Defendant maintains a complete and permanent staff, which supervises and directs the management and operation of the buildings under its control, apart from the employees in the respective buildings which the defendant maintains for the owners under separate contractual arrangements.

These contracts with the owners provide, and the method pursued thereunder is, that the defendant man the respective buildings, pay the personnel there employed, lay off employees when required, change superintendents from time to time, make repairs, purchase supplies and materials, collect the rents, pay the bills, and forward a report each month to each owner. The difference between these payments and the rent collected by the defendant, less its commission or management fees, is sent to the owner monthly. If payments are greater than the rent collected, a bill is rendered to the owner for the difference, and defendant is thus reimbursed for the excess.

Each building has its own superintendent, who is subject to the immediate control, supervision and direction of the defendant, and is accountable to the defendant for all of his acts. The superintendents have no contact with the respective owners of the buildings. In the absence of express instructions from the owner, superintendents are hired, fired, and replaced by the defendant through its supervisors or other authorized employees. Their salary is paid by the defendant, and in addition, they receive from the defendant checks or cash to pay the employees of the respective buildings, of which they are superintendents. Each employee, including plaintiff, receives a separate salary check or cash for each building in which he works, and signs a receipt for such payment. These receipts are returned by the superintendent to the defendant.

At no time is any supervision, control or direction exercised by the respective owners of the buildings upon this plaintiff or the superintendents.

In 1934, plaintiff applied at the defendant's office in Manhattan for work as an elevator operator and handyman. He

was sent to defendant's district supervisor, who gave him a note to the superintendent of the building at 251 Fifth Avenue. He was put to work in that building. Thereafter on certain days each week he was shifted part time to a building at 28th Street, and months later to another building at 133 West 19th Street by direction of the defendant in order to make up a week's working time. From the year 1938 up to August 12, 1942, he worked thirty-eight hours per week at 251 Fifth Avenue, and ten hours per week at 133 West 19th Street. Each of these premises, though separately owned, was managed solely by the defendant. Plaintiff's contact was wholly with employees of defendant. He had no direct dealings with the respective owners. As far as he was concerned, his obligations were primarily to adhere to the directions and supervision of the only " boss " he knew — the defendant.

The combined hours which the plaintiff worked under the supervision of the defendant, through the respective superintendents of the buildings under defendant's control, were greater than those permitted under the Fair Labor Standards Act of 1938.

It has been stipulated that both the buildings involved in this litigation come within the purview and applicability of the Fair Labor Standards Act, and that the tenants thereof were engaged in interstate commerce sufficient to permit such statutory coverage of this plaintiff as a building service employee. It is undisputed that the plaintiff worked a total of forty-eight hours each week during this period. The issue develops only in respect of defendant's contention that the plaintiff did not work at one job and for one employer so as to come within the protection of the statute. It urges that plaintiff worked for two separate and distinct employers, for neither one of which he worked the requisite number of hours. It attempts to bolster such stand by evidence, that he received two separate and distinct payments each week for his earnings, and signed two separate, distinct and different receipts for such payments, which were made by two separate and distinct checks.

The defendant takes refuge in its contract with the owners, and relies upon paragraph 3, which reads: " The agent shall manage and supervise all employees. Salaries and or wages shall be paid to said employees out of the rentals from the premises, and shall not be in excess of the prevailing rates for like services without the express approval of the owner." While I doubt that it would have affected the ultimate decision

in this action, these limitations were never communicated to plaintiff. It urges that under its arrangement with the owners, it is given no authority to hire the employees; but it is merely required to " manage and supervise all employees." Under this provision defendant attempts to avoid liability on the theory that it acted as an agent for separate employers, neither of whom was responsible individually to plaintiff, inasmuch as he did not work for either more than forty hours during any week.

Subdivision (d) of section 3 of the Fair Labor Standards Act of 1938 [U. S. Code, tit. 29, § 203, subd. (d)] defines an employer as follows: " ' Employer ' includes any person acting directly or indirectly in the interest of an employer in relation to an employee, but shall not include the United States or any State or political subdivision of a State, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization." It has been held under this section and definition, that an agent is an employer. (*Greenberg* v. *Arsenal Bldg. Corporation*, 50 F. Supp. 700; *Brennan* v. *Community Service Soc. of N. Y.*, 181 Misc. 637.)

The evident purpose of the Fair Labor Standards Act of 1938 is to protect an employee who might otherwise work excessive numbers of hours without just compensation. I am convinced that under the proof adduced at the trial, the defendant comes within the definition of the term " employer ". The fact of the defendant's acting for two separate landlords cannot affect the relationship of plaintiff's single employment by the defendant. While there is not in this case even a tacit intimation that the defendant's acts were other than proper, an interpretation of the statute as sought by the defendant would open an avenue for fraud to unscrupulous agents which no amount of judicial decision could alter. To hold otherwise would stultify the reason for the statute.

Unfortunately for the defendant, the error in not segregating the two masters of the plaintiff was due in no part to the plaintiff. While I am sympathetic to the defendant's position, both equitably and under the law, the plaintiff cannot be made to suffer for a situation which he did not himself create.

I am constrained, therefore, to find judgment for plaintiff in the sum of $289.44 and $289.44 as liquidated damages and an additional sum of $86.83 as a reasonable counsel fee, totaling $665.71.