John N. FISHER, Plaintiff,

v.

**STOLARUK CORPORATION,**
Defendant.

No. 85–CV–72255–DT.

United States District Court,
E.D. Michigan, S.D.

Dec. 9, 1986.

Michael Hughes, Bloomfield Hills, Mich., for plaintiff.

Jerome Frank, Bloomfield Hills, Mich., for defendant.

* This memorandum is a supplement to the record of the hearing on plaintiff's motion on December 8, 1986.

## MEMORANDUM AND ORDER AWARDING ATTORNEY'S FEES *

COHN, District Judge.

This is a Fair Labor Standards Act (FLSA) case. 29 U.S.C. § 201 *et seq.* Plaintiff alleged that defendant failed to pay him for certain work performed, in violation of the Act. Plaintiff sought $1,954.73 in unpaid regular and overtime wages, and statutory liquidated damages of an equal amount. Upon notification from the parties that the issues in controversy had been settled, I entered an order dismissing the action on October 10, 1986 without prejudice to plaintiff's right to petition for an award of attorney's fees under the statute. Plaintiff now seeks attorney's fees of $13,182.00 for 191 hours of worked performed by four attorneys and one paralegal.

### I.

The FLSA, 29 U.S.C. § 216(b), provides: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." An award of attorney's fees under § 216(b) is mandatory, although the amount awarded is within the discretion of the Court. *United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984). Settlement does not preclude an award of fees. *Overnight Motor Transp. Co., Inc. v. Missal,* 316 U.S. 572, 581–82, 62 S.Ct. 1216, 1221–1222, 86 L.Ed. 1682 (1942); *see also Atlantic Co. v. Broughton,* 146 F.2d 480, 482 (5th Cir.1945), *cert. denied,* 324 U.S. 883, 65 S.Ct. 1021, 89 L.Ed. 1433 (1945), *reh'g denied,* 325 U.S. 892 (1945); *Greenberg v. Arsenal Bldg. Corp.,* 50 F.Supp. 700, 702 (S.D.N.Y.1943), *modified on other grounds,* 144 F.2d 292 (2d Cir.1944), *rev'd on other grounds,* 324 U.S. 697, 65 S.Ct. 1189, 89 L.Ed. 2005 (1945).

The purpose of allowing an award of attorney's fees under FLSA cases is to encourage employees to vindicate what Congress considers an important right to receive wages designed to ensure a minimum standard of living. The award of attorney's fees encourages plaintiffs to bring actions even where the amount in question may be relatively small in comparison to other civil actions in the federal courts. In such cases, the plaintiff acts as a private attorney general. *See generally United Slate, supra,* 732 F.2d at 501–03.

The Sixth Circuit has discussed the standard for determining what is a reasonable fee under the FLSA. "Under *Hensley* [*v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)], the district court's initial task is to identify a reasonable hourly rate and determine the hours reasonably expended on the litigation. The product of these figures produces a reasonably objective 'initial estimate of the value of a lawyer's services.' " *United Slate, supra,* 732 F.2d at 502 (citation omitted). An award of attorney fees may exceed the amount in controversy. *See Michigan Window Cleaning Co. v. Martino,* 173 F.2d 466 (6th Cir.1949); *see also City of Riverside v. Rivera,* 477 U.S. ——, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986).

I have previously discussed the factors involved in analyzing a petition under a federal statute for an award of attorney's fees. *Central States, Southeast and Southwest Areas Pension Fund v. Alco Express Co.,* 522 F.Supp. 919, 933–34 (E.D. Mich.1981).

## II.

■ There were two discovery hearings, two pretrial conferences, and one conference call with the Court in this unexceptional case (the parties informed me at the hearing that the case settled for $3,500). The enthusiasm with which plaintiff's attorneys have thrown themselves into this case is matched only by the obduracy of defendant's attorney in resisting discovery absent my intervention and sometimes despite it. Throughout the case, defendant knew plaintiff's lawyers' clock was running. *See Alco, supra,* 522 F.Supp. at 935. On the other hand, the fact that Congress intended to encourage plaintiffs to vindicate the interests underlying the FLSA cannot justify the excessive amount of effort plaintiff's attorneys put into the case, even given the acrimony of attorney interactions.

I find that $100.00 in an hour is a reasonable average fee, and 45 hours would have been an adequate amount of time by plaintiff's attorneys on the case, given that they are an experienced labor law firm. Therefore, I find that plaintiff is entitled to an attorney's fee award of $4,500.00.

## III.

■ Plaintiff also seeks reimbursement for $474.00 in costs. He does not specify under what statute he seeks recovery of these costs, although I presume he relies on the general provisions in 28 U.S.C. § 1920. While the nature of some of the expenses and their size is enigmatic, plaintiff's attorney justified some of these items at the hearing. Other costs do not appear to be reimbursable. Sections 1920(3) and 1821 specifically authorize witness allowances only for appearance at trial, subsistance, and travel. *Olga's Kitchen of Hayward, Inc. v. Papo,* 108 F.R.D. 695, 712 (E.D.Mich.1985); L. Bartell, *Taxation of Costs and Awards of Expenses in Federal Court,* 101 F.R.D. 553, 582–83 (1984). Thus, the $64.00 claimed by plaintiff as a "witness fee" must be deducted.

All other costs appearing to be reimbursable and reasonable, I find that plaintiff is entitled to recover $410.00 in costs.

SO ORDERED.