**WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v. STONE et al.**

No. 7933.

Circuit Court of Appeals, Seventh Circuit.

Nov. 25, 1942.

462

Warren W. Gardner, Irving J. Levy, Mortimer B. Wolf, Asst. Sol., and Edward J. Fruchtman, and George B. Searls, Attys., U. S. Dept. of Labor, all of Washington, D. C., and Frank J. Delany and Lee K. Beznor, both of Chicago, Ill., for appellant.

Lewis F. Jacobson, Sidney C. Nierman, and David Silbert, all of Chicago, Ill. (David Silbert and Arthur Altschul, both of Chicago, Ill., of counsel), for appellees.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff appeals from a decree dismissing his complaint for an injunction against further violations of §§ 15(a) (1), 15(a) (2), and 15(a) (5) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

The complaint charged that defendants had failed to comply with the provisions of the Act in that they had not compensated their employees at one and one-half times the regular rate at which they were employed for all overtime beyond the allowable maximum specified in the Act, and that they failed to keep records as required by the regulations issued under the Act.

Defendants are engaged in the production, sale, and shipment of corrugated paper and cartons in interstate commerce.

The court after hearing the evidence found that the defendants had employed 27 employees under agreements, some of which had been entered into prior to the passage of the Act, at fixed weekly wages, ranging upwards from $30 per week, irrespective of the hours worked; that the hours fluctuated weekly, generally above, but frequently below, the hours specified in the Act; and that the employees received extra compensation only for Sunday and for extra work outside the scope of their usual employment. The court also found that by said agreements, the defendants and their employees intended that the fixed weekly rates of compensation cover regular time and overtime when worked, and concluded that there was no violation of the Act.

The question presented is whether payment of a fixed salary regardless of the number of hours worked in a week satisfies the overtime requirements of § 7 of the Act by reason of the fact that the salary equals or exceeds the statutory minimum for regular time, plus time and one-half the minimum for overtime, for the hours actually worked.

The plaintiff contends that the determination of this question is governed by Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, while the defendants contend that the decision in Walling v. A. H. Belo Corporation, 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716, is controlling.

In the Missel case the court held that the "regular rate" of pay of an employee working under a fixed salary contract is the total compensation received by him for the week's work, divided by the total number of hours worked in that week. In that case, as in the instant case, the contract of employment provided for the payment of a fixed salary regardless of the hours worked. There, as here, during the weeks in question the fixed salary was greater than an amount calculated at the statutory minimum hourly rate (with time and one-half for overtime) for the hours actually worked. Missel brought a statutory action to recover alleged unpaid overtime compensation. The Supreme Court held that the contract did not comply with the requirements of § 7 of the Act and pointed out that two elements are essen-

tial in a contract of employment in order to comply with the Act: (1) Either a stated hourly rate for regular work, or an upper limit on the total number of hours to be worked for a fixed salary, and (2) an express provision that overtime should be paid for at time and one-half the regular rate. If the first element is absent from a contract, the hours worked might require minimum compensation greater than the fixed wage; if the second is absent, overtime work could be paid for at any rate equal to or greater than the regular rate. Thus, neither of these elements alone is sufficient for compliance with the law—both must be present. In the case at bar both are absent.

The decision in the Belo case is not applicable here, since in that case the contract contained both the essential elements of a stated hourly rate for regular work and the express provision that overtime be paid for at time and one-half the stated hourly rate.

Defendants attempt to distinguish our case and the Missel case on the grounds that: (1) Missel always worked above the maximum hours and there was no agreement that he should receive the fixed salary if he worked below the maximum or took time off; and (2) there was no agreement and intention that the fixed salary included compensation for overtime.

The first point is irrelevant, since the Missel case did not in any way depend on the precise number of hours worked or on the absence of such an agreement as described. As to the second point, the Supreme Court held that the contract was deficient in not providing for the payment for overtime of not less than one and one-half times the regular rate.

■ It is true that in our case the court found that the defendants and their employees intended that the fixed weekly rates of compensation cover regular and overtime work. Even so, that alone would not be sufficient to comply with the Act; such a general intention may not be transformed by implication into a specific intention that overtime be paid for at time and a half the regular rate, Missel case, supra. Consequently, the fixed salary contracts here involved did not comply with the pro- visions of § 7 of the Act. Compare Warren-Bradshaw Drilling Co. v. Hall et al., 63 S.Ct. 125, 87 L.Ed. ——, decided by the Supreme Court, November 9, 1942.

The record discloses that in the District Court, the plaintiff contended that certain named employees were not employed in executive capacities within the meaning of § 13(a). (1),[1] and the regulations promulgated by the Administrator, Title 29, c. 5, Code of F.R. part 541. The District Court, being of the opinion that the contracts here involved were not in violation of the Act, did not pass upon whether the ten named employees were exempt, or whether certain bonuses received by some of the employees should be included in determining the regular rate upon which the overtime rate is based under § 7.

The defendants claimed these employees were exempt from the operation of the Act as executives and continued to pay them fixed salaries regardless of the hours worked, after discontinuing such salary arrangements with their other employees on June 3, 1940. If these ten employees were properly classified as executives during the entire period from October 24, 1938 to July 31, 1940, then defendants' fixed salary contracts with them at no time constituted violations of § 7. If they were properly classified as executives during the period June 3, 1940 to July 31, 1940, then violations of § 7, if any, ceased after the former date, as defendants contend.

Our analysis of the evidence leads us to the conclusion that Applegate, Griner, Sislow, Vanaman, and Arthur Smith, five of the employees, were improperly classified at some time during the period from October 24, 1938 to June 3, 1940, but appear to have been properly classified as executives from June 3, 1940; Braasch and Korenblue were improperly classified from October 24, 1938 to July 31, 1941. Concerning Oscar Smith and Merrill, there was no time when they received a fixed weekly salary while not properly classified, and there is no evidence that Benz ever worked overtime.

It appears that the bonuses in this case were paid to each of the six men employed on a corrugating machine which produced certain quantities in excess of a stated

---

[1] Section 13(a) (1) exempts from §§ 6 and 7 of the Act—any employee employed in a bona fide executive, administrative, professional, or local retailing capacity, or in the capacity of outside salesman (as such terms are defined and delimited by regulations of the Administrator).

minimum—the size of the bonus depending upon the amount of the excess production.

Plaintiff argues that the formula for computing "regular rate" stated in the Missel case controls, and that the "regular rate" per hour can be determined only by taking the entire compensation received (hourly wages and bonuses) for all the hours worked in a week and allocating it. pro rata to each of the hours.' If plaintiff's construction were adopted, a worker who earned large bonuses during his regular hours would receive for overtime more than time and one-half his regular minimum hourly wage, even if he worked at only the ordinary rate of production; but the parties intended the minimum hourly wage to be compensation for ordinary productivity, and the bonus to be compensation for additional productivity. We think the Missel case has no bearing on our problem, not because it did not involve hourly wages, but because it did not involve a bonus.

■ Nor do we believe that defendants' designation of the bonus as a "gratuity" is descriptive of the real nature of the bonus; rather, it was a payment for work performed, and a part of the regular scheme of compensation of defendants' employees. It was not a gift—it was paid to those men, and only those, who were members of a crew which turned out a certain definite amount of work. It was not a reward given solely for the employees' benefit— the additional production stimulated by the payment of bonuses benefited the defendants as well. Therefore, rather than calling the bonus a gratuity, we think a more accurate way of describing defendants' system of compensation is as a piece. rate system with a minimum hourly guaranty.

■ We think the bonus ought to be included, in determining the "regular rate" under § 7, in the following manner. The overtime hourly rate shall be one and a half times the regular hourly rate, and the bonus rates during overtime shall be one and a half times the regular bonus rates. When the shift upon which the bonus is earned is part regular time and part overtime, the bonus shall be at the regular bonus rate for that fraction of the bonus allocated pro rata to regular time, and at the overtime bonus rate for that fraction allocated to overtime. For example, if a 9-hour shift, working no overtime, produced 550,000 square feet each man on the shift would' receive a bonus of $1.80; but

if one-third of the hours were overtime, each man would receive a bonus of $1.20 (⅔ of $1.80) plus $.90 (time and a half $.60), or $2.10; and if all 9 hours were overtime, each man would receive a bonus. of $2.70 (time and a half $1.80).

The decree of the District Court is reversed, and the case remanded for further proceedings in conformity with this opinion.