**ADAMS et al. v. UNION DIME SAV. BANK.**
No. 399.

Circuit Court of Appeals, Second Circuit.
July 18, 1944.

Writ of Certiorari Denied Oct. 16, 1944.

See 65 S.Ct. 85.

McLanahan, Merritt, Ingraham & Christy, of New York City (Robert R. Bruce and John J. Boyle, both of New York City, of counsel), for defendant-appellant.

Arkin, Lebovici & Kottler, of New York City (Joseph Kottler and Edward Arkin, both of New York City, of counsel), for plaintiffs-appellees.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

The plaintiffs were employed as elevator operators, firemen and in similar occupations in loft buildings owned by the defendant in the City of New York. They brought the present action to recover overtime compensation, liquidated damages and attorneys' fees under Section 7(a)[1] and Section 16(b)[2] of the Fair Labor Standards Act, 29 U.S.C.A. §§ 207(a), 216(b). Judge Burke, who conducted the trial in the District Court, held the defendant liable and directed judgment for the plaintiffs in the sum of $2,997.52, together with $800 counsel fees and costs. The defendant has appealed on the following grounds: (1) The contracts between the plaintiffs and the defendant are reasonably capable of an interpretation consistent with the provisions of the Fair Labor Standards Act. (2) If they are not capable of such a construction they should be reformed for mutual mistake in order to carry out the intention of the parties. (3) In any event the requirement that the defendant pay liquidated damages is an unconstitutional application of Section 16(b) of the Act.

If the contracts were consistent with the requirements of the Fair Labor Standards Act the plaintiffs would have no claim since they would have received their full wages. But it is clear from the decision of the Supreme Court in Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 62 S. Ct. 1216, 86 L.Ed. 1682, that the contracts were not consistent with the requirements of the Act and that the judgment should, therefore, be affirmed.

The plaintiff Adams received $23 per week for a 48 hour week from October 24, 1938 to April 27, 1939; $24 per week from April 28, 1939 to October 24, 1940 for a 47 hour week, and $25 per week for a 47 hour week from October 25, 1940 to February 26, 1942. These payments were made under collective bargaining agreements with the defendant. It is stipulated that Adams was engaged in the production of goods for commerce within the meaning of the Fair Labor Standards Act and that

---

[1] Sec. 7 "(a) No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—

"(1) for a workweek longer than forty-four hours during the first year from the effective date of this section,

"(2) for a workweek longer than forty-two hours during the second year from such date, or

"(3) for a workweek longer than forty hours after the expiration of the second year from such date,

unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

[2] Sec. 16 " * * *

"(b) Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

if the court should find in his favor the other plaintiffs will be entitled to recover certain specified amounts in general corresponding with those recoverable by Adams. The bargaining agreements set forth no regular hourly rate and contained no provision for compensation at a one and one-half rate for overtime except after work of 47 or 48 hours. But it is admitted that the wages received were sufficient to pay the minimum statutory wage, including a one and one-half rate for overtime hours. In such circumstances, it is well settled that the "regular" rate is the quotient of the total weekly wage divided by the number of hours of work and that the compensation for overtime must be at one and one-half times that hourly rate for hours beyond the maximum number of hours allowed before overtime. This method of computation seems entirely settled by the decisions of the Supreme Court in Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, and Warren-Bradshaw Drilling Co. v. Hall, 317 U.S. 88, 93, 63 S.Ct. 125, 87 L.Ed. 83. See also Seneca Coal & Coke Co. v. Lofton, 10 Cir., 136 F.2d 359; Patsy Oil & Gas Co. v. Roberts, 10 Cir., 132 F.2d 826; Walling v. Stone, 7 Cir., 131 F.2d 461; Carleton Screw Products Co. v. Fleming, 8 Cir., 126 F.2d 537; Garrity v. Bagold Corp., 267 App. Div. 353, 46 N.Y.S.2d 637. But the defendant contends that there is a presumption that the parties contemplated compliance with the Act and hence intended that all overtime within the workweek should be absorbed in the weekly wage. It is said that this must follow not only from the general consideration that the parties intended to obey the law but also because the collective bargaining agreement denominated hours in excess of 47 or 48 as overtime, and provided that they should be paid at time and one-half the regular rate. Why such an inference should follow we cannot see. On the contrary, the provision for payment at time and one-half rate for working hours in excess of 47 or 48 indicates that hours within the 47 or 48 hour week were to be paid for at the regular rate. The decisions in Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 581, 62 S.Ct. 1216, 86 L.Ed. 1682, and Warren-Bradshaw Drilling Co. v. Hall, 317 U.S. 88, 93, 63 S.Ct. 125, 87 L.Ed. 83, show clearly that the supposed presumption should not be indulged in.

Defendant's contention that the contracts should be reformed because of mutual mistake so as to comply with the Act must fail for the reason that its attempt to construe them as complying with the Act is without substance. Judge Burke said in his opinion that the evidence falls short of establishing clearly that the "alleged mutual mistake resulted in a contract which failed to express the actual intent of the parties" and made a finding (No. 19) to that effect. We cannot say that the contracts were made under mutual mistake merely because they violated the Act and might have been drawn in conformity with it and that they should, therefore, be recast in terms which, if originally adopted, would have been lawful. There was no proof that either party contemplated any such revised terms nor any reason to suppose that they would have been acceptable. In addition to this, reformation of a contract which in terms violated a remedial statute would tend to frustrate the administration of the Act and contravene its policy.

The contention that the application of the provisions for liquidated damages is unconstitutional because the question whether the Act applied to the employees who are engaged in building service within the City of New York was long uncertain is without merit. The Act has been held valid and liquidated damages have more than once been allowed under decisions of the Supreme Court. We find no merit in the contention.

The judgment is affirmed and an allowance of $500 is granted to plaintiffs' attorneys as counsel fees for this appeal.