**LANDRETH v. FORD, BACON & DAVIS, Inc.**

No. 12942.

Circuit Court of Appeals, Eighth Circuit.

Feb. 21, 1945.

U. A. Gentry, of Little Rock, Ark., for appellant.

Warren E. Wood, Asst. U. S. Atty., of Little Rock, Ark. (Sam Rorex, U. S. Atty., of Little Rock, Ark., on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judge.

RIDDICK, Circuit Judge.

The appellant, Landreth, sued the appellee, Ford, Bacon & Davis, Inc., to recover overtime compensation, liquidated damages and attorney's fees under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The parties agree that during the period of his employment the appellant earned overtime compensation which the appellee failed to pay. The question at issue is whether the district court correctly computed the amount of overtime compensation to which it found appellant entitled. The answer to this question depends upon whether the appellant's contract of employment provided for a workweek of indefinite or fluctuating hours as the district court found, or for a workweek of forty hours as the appellant claims. The ultimate issue for decision here is, therefore, whether the finding of the district court concerning the terms of appellant's contract is supported by substantial evidence.

The appellant was first employed by the appellee at an hourly wage rate, and during this period of his employment he was paid for all hours in excess of forty worked in any week at one and one-half times his regular rate of pay. From August 17, 1942, until June 18, 1943, the period of time involved in this action, appellant was

employed at a weekly salary. During this period of his employment appellant worked forty hours or more in each week, for which he received only the agreed weekly compensation. He testified that at the time his employment was changed from an hourly to a weekly basis he was told, presumably by his immediate superior, that he would be paid the agreed weekly compensation for a workweek of forty hours. He accepted his weekly compensation without complaint and without demanding compensation for the hours in excess of forty. He identified by name only the employee of the appellee who told him that his employment on a weekly basis was for a workweek of forty hours, saying nothing concerning the apparent or real authority of the person with whom the agreement was made. In support of his testimony the appellant introduced in evidence the stub of one of his weekly paychecks, which bore the notation that for the week for which the check was issued appellant had worked forty regular hours and 5.6 hours overtime. All the paychecks received by the appellant had similar stubs attached.

The appellee is engaged, under a contract with the United States, in the operation of a plant producing munitions. The appellee was required by its contract with the United States to adopt a wage policy approved by the War Department of the United States Government. The wage policy so adopted and approved provided that "all employees on an hourly rate and employees who were not exempt from the Fair Labor Standards Act or the Walsh-Healey Act rate should be paid time and a half for overtime." Under this wage policy the appellee classified its employees as supervisory and nonsupervisory. In the nonsupervisory classification appellee included all employees, whether paid on an hourly or a weekly basis, who, in its opinion, were entitled to be paid in accordance with the provisions of the Fair Labor Standards Act. In the supervisory classification appellee included those employees, who, in its opinion, were exempt from the provisions of the Act. In the words of appellee's personnel director, in charge of all employment, "Those in a supervisory classification were paid a certain amount to do certain jobs, whether it took 40 hours or 44 hours or 48 hours, so much money to do that particular job regardless of time."

The personnel director testified that no one connected with appellee's operations, except the general manager or the commanding officer, was permitted to deviate from the adopted wage policy, and that the person with whom the appellant claimed to have made a contract for a definite workweek of forty hours had no authority to bind the appellee by such an agreement. He said that when appellant first entered appellee's service he was employed as a tool and die maker. On that job he worked under supervision, was classified according to the wage policy as a nonsupervisory employee, and was paid an hourly wage for forty hours and one and a half times his hourly wage for hours in excess of forty. When appellant's employment was changed from an hourly to a weekly basis, appellant undertook the supervision of other people, and under appellee's wage policy, he was then classified as a supervisory employee and was not entitled to compensation for overtime.

According to this witness the wage policy adopted by the appellee represented its interpretation of the Fair Labor Standards Act as applied to appellee's operations. The witness admitted on cross examination that it was the intention of the appellee to pay those employees entitled to the protection of the Fair Labor Standards Act in accordance with the requirements of the Act, and that the appellant was not paid overtime because, in appellee's opinion, as expressed in its wage policy, appellant was exempt from the protection of the Act. It was the opinion of the witness that, if a supervisory employee performed work of a nonsupervisory nature in any workweek, the appellee would be required to "pay him overtime on a formula as indicated in some of these Supreme Court cases," based on the number of hours worked in the week.

Appellee's assistant comptroller testified that under appellee's wage policy an employee in a supervisory classification was required to work a minimum of forty hours a week in order to receive a full week's pay, but that there was no limitation upon the maximum number of hours required of such an employee. In order that the supervisory employee might receive full compensation for any week in which he worked less than forty hours, a record of his hours in any week in excess of forty was kept and placed to his credit in an account entitled "the time bank." In the event that such an employee failed to work forty hours in any week he was permitted to draw on the hours credited to him in the

time bank to make up his deficit. By this arrangement the employee received his full weekly salary, although he had in fact worked less than forty hours in a given week. The overtime hours credited to the employee in the time bank were stated on the stub of his weekly paychecks. If the employee had no credit in the time bank account, there was deducted from his salary in any week in which he failed to work the required minimum of forty hours an amount for each hour lost calculated by dividing his regular weekly compensation by 40. The witness testified that in no event was it permitted to pay a supervisory employee overtime compensation for any of the hours credited to him in the time bank account, that is, for any hours in excess of forty in any workweek.

On this evidence the district court found that the appellant was not employed by appellee for a fixed workweek of forty hours; that the person with whom appellant claimed his contract was made was without authority to make the contract on behalf of appellee; and that by the terms of appellant's employment there was no limitation on the number of hours appellant was required to work in any workweek. The court expressly refused to credit appellant's testimony concerning the terms of his employment. Appellant, however, contends that appellee's evidence concerning its wage policy conclusively establishes that appellant was employed for a workweek of forty hours. The argument in support of this contention is based upon the testimony of appellee's personnel director explaining appellee's wage policy, and upon his admission that appellant would have been paid overtime compensation but for appellee's error in considering him exempt from the provisions of the Fair Labor Standards Act. In this argument we think the appellant overlooks the fact that, although appellee erred in its interpretation of the Fair Labor Standards Act, it, nevertheless, classified the appellant and others like him as supervisory employees under a wage policy which definitely provided for the employment of employees in this classification for a workweek of unlimited hours.

On the record before us, the most that can be said in behalf of appellant is that the evidence was conflicting on the question of the terms of appellant's employment. Appellee's testimony concerning the wage policy adopted by it does show very clearly the policy of the appellee to pay all employees entitled to the protection of the Fair Labor Standards Act in accordance with the provisions of that Act, and that this was the policy of appellee whether such employee was employed on an hourly basis or a weekly basis. But a policy of compliance with the Fair Labor Standards Act does not necessarily include the adoption of a forty hour workweek. The Fair Labor Standards Act does not limit an employee's workweek to forty hours. On the contrary, it expressly permits employment for a workweek in excess of forty hours on condition that the employee receive compensation for time over forty hours at one and one-half times the regular rate at which he is employed. 29 U.S.C.A. § 207. In the case of an employee hired at an hourly wage, no computation is necessary to determine his regular rate of pay. His regular rate of pay is established by his contract of employment. In such a case the employee is entitled under the Act to receive for all hours worked in any week in excess of forty compensation at the rate of one and one-half times his contract hourly wage. In the case of an employee hired on a weekly basis for a definite weekly compensation, a computation is necessary in order to determine his regular rate of pay. If, by his contract of employment, he is hired on a fixed weekly salary for a workweek of a fixed number of hours, his regular rate of pay is determined by dividing the agreed weekly compensation by the agreed number of hours in the week for which the compensation is paid. If his employment is for a fixed weekly compensation for a week of variable or fluctuating hours, the employee's regular rate of pay must be determined by dividing his fixed weekly compensation by the number of hours actually worked in any workweek; and in cases of employment at a fixed weekly compensation for a workweek of fluctuating hours, the regular rate of pay of an employee will necessarily vary from week to week according to the number of hours worked. Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682; and Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 65 S.Ct. 11.

On the trial in the district court the appellee admitted that it was mistaken in its belief that appellant, although employed and classified as a supervisory employee, was not entitled to the overtime compensa-

tion required by the Fair Labor Standards Act for hours in excess of forty in any workweek. But this admission on the part of appellee can not be stretched to include the further admission that the appellant was employed by appellee for a workweek of only forty hours. The testimony of appellee's personnel director and assistant comptroller is directly to the contrary of this proposition. It must be borne in mind that there is nothing in the Fair Labor Standards Act which denies to appellee the right to classify the jobs for which it hires its employees, and to classify the employees hired in accordance with the jobs assigned to them. The error of the appellee was not in the classification of employees but in its interpretation of the Fair Labor Standards Act as applied to those employees, an error which requires for its correction only the proper computation and payment of the overtime compensation to which a given employee is entitled.

The appellant admits that the required computation in his case was made in accordance with the rule announced in the Missel case, supra, and that, if the finding of the district court as to the terms of appellant's contract is supported by evidence, the judgment appealed from is correct. It follows, therefore, that the judgment of the district court must be and it is affirmed.