818

**KREEFT v. R. W. BATES PIECE DYE WORKS, Inc.**

No. 363.

Circuit Court of Appeals, Second Circuit.

July 9, 1945.

Samuel Miller, of New York City, for appellant.

Alexander B. Klotz and Martin Seigelbaum, both of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment against an employer under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The defendant raises only two points: (1) That interest should not have been allowed upon the award; (2) that the amount of overtime was wrongly computed. The judgment was entered before the decision of the Supreme Court in Brooklyn Savings Bank v. O'Neil, 65 S.Ct. 895, which held that no interest ran upon an allowance for overtime; and the award must therefore be reduced by deducting the interest included. As to the second point the defendant invokes the doctrine of Overnight Motor Transportation Co. Inc. v. Missel, 316, U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, that, when an employee works a variable number of hours from week to week, his hourly wage for each week is to be found by dividing the total pay for that week by the number of hours which he worked in that week; and that his overtime is to be computed upon the dividend so obtained. The record at bar does not, however, contain the facts necessary to apply that doctrine. The case comes before us upon a stipulation which declares that "the matters set forth herein contain a statement of the record on appeal herein and shall act as a designation * * * of those parts of the record, proceedings and evidence included in the said record on appeal." Among the "matters set forth" were findings of fact, of which the only ones relevant are that the "plaintiff's employment contract with the defendant was for a basic 40 hour week"; and that for part of the period his "Weekly Wage" was $45, and for the balance, $47.50. Also among the "matters set forth" were certain facts which the parties agreed "were established at the trial," of which the only relevant one was "that the plaintiff was engaged by the defendant under an express contract of employment to work a basic work week of 40 hours per week, consisting of 5 days per week of 8 hours per day." Finally, there was included a list of the hours during which the plaintiff worked for every day throughout the whole period; the total work hours for each week; and the total overtime for each week.

The defendant went outside the record in its argument and brief, and referred to some of the plaintiff's testimony; but in view of the form in which the case comes before us, we cannot consider it. All that is before us, is that the plaintiff worked a "basic work week of 40 hours"

at two different weekly wages—$45 and $47.50—and that he worked, on an average, about seven and one-half hours a week overtime during the period in question. Still it was possible that his "basic work week" should have been "40 hours," and yet that he should have worked overtime without extra pay; and it was certainly possible that he should have received two rises in wages while he was doing so. The rise in his wages need have had nothing to do with his "basic work week" if the original contract was for forty hours a week. It may be improbable that he should at any period have so uniformly worked overtime without extra pay, if his "basic work week" was in fact only "40 hours"; but that was relevant only as an argument of the incorrectness of the finding, and of the untruth of the facts, as "established." Had the defendant wished to argue that the "basic work week" for the weekly wage he received was longer than "40 hours," it should have submitted the testimony. Upon this record we have no choice but to hold that all overtime was to be charged at one-fortieth of $45 during the first period, and at one-fortieth of $47.50 during the second. This part of the award must therefore be affirmed.

An allowance of $200 will be made to the appellee's attorney.

Judgment modified by striking out the award of interest, and adding an allowance to the appellee's attorney of $200; and, as so modified, affirmed.