894

STANGER et al. v. VOCAFILM
CORPORATION.

No. 19.

Circuit Court of Appeals, Second Circuit.
Nov. 15, 1945.

W. Randolph Montgomery, of New York City (Gerdes & Montgomery, of New York City, on the brief), for defendant-appellant.

Bernard Budnick, of New York City, for plaintiffs-appellees.

William S. Tyson, Acting Sol., and Bessie Margolin, Asst. Sol., both of Washington, D. C., Irving Rozen, Regional Atty., of New York City, and Faye Blackburn and David O. Walter, Attys., U. S. Dept. of Labor, both of Washington, D. C., for the Administrator of the Wage and Hour Div., U. S. Dept. of Labor, as amicus curiae.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

■ This appeal from an award by the District Court of unpaid overtime compensation, liquidated damages, and attorneys' fees to employees of the Vocafilm Corp. brings up the single issue whether plaintiffs are employed in a bona fide "professional" capacity, within the exemption stated in § 13(a) (1) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 213(a) (1), as defined by the regulations of the Wage and Hour Administrator.[1] Plaintiffs, supported by the Administrator amicus curiae, urge that they were entitled to the protection of the Act, since defendant had failed to show that work done by them met the prerequisites of exemption set forth in the regulations and specifically in three provisions of 29 CFR, Cum.Supp., § 541.3, viz., (a) (4), dealing with the permissible proportion of nonprofessional work, or (a) (5) (ii), dealing with the quality of the work, or (b),

---

[1] "The provisions of sections 206 and 207 of this title shall not apply with respect to (1) any employee employed in a bona fide executive, administrative, professional, or local retailing capacity, or in the capacity of outside salesman (as such terms are defined and delimited by regulations of the Administrator)." 29 U.S. C.A. § 213(a). Such regulations, unless clearly unreasonable, are as effective as if part of the original statute. Helliwell v. Haberman, 2 Cir., 140 F.2d 833; Fanelli v. U. S. Gypsum Co., 2 Cir., 141 F.2d 216; cf. Addison v. Holly Hill Fruit Products, Inc., 322 U.S. 607, 613, n. 6, 64 S.Ct. 1215, 88 L.Ed. 1488, pointing out the more extensive authority of the Administrator under this provision than under § 13 (a) (10) there involved.

stating a minimum of compensation. The decision of the District Court specifically found in favor of the plaintiffs under the first two provisions, but did not pass upon the third.[2] Defendant's appeal contests liability under any of these provisions, attacking certain findings and refusals to find by the court, as well as the validity of the last provision.

We shall address ourselves to consideration of the issue raised by the second provision of the regulations cited above. By that, one of the conditions of exemption is that the work done by the employee, if it does not depend on advanced knowledge in a field of science or learning—and no such claim is made here—must be "predominantly original and creative in character in a recognized field of artistic endeavor as opposed to work which can be produced by a person endowed with general manual or intellectual ability and training, and the result of which depends primarily on the invention, imagination or talent of the employee." 29 CFR, Cum. Supp., § 541.3(a) (5) (ii). Vocafilm Corp. is engaged in the manufacture and distribution of sound slide films, which, during the period of plaintiffs' employment in question here, were used primarily by the United States Navy to teach officers and enlisted men the construction, operation, and maintenance of complex machinery. The film resembles the old-fashioned stereopticon in that it consists of a series of individual still pictures or "frames" accompanied by a phonographic recording, but differs from it in that the recording is entirely subsidiary to the pictures. All of the plaintiffs in this action worked on the "frames," performing at different times five basic jobs: (1) retouching photographic prints; (2) blocking out or subduing parts of a photographic print not essential to the picture; (3) drawing in additional or concealed parts, sometimes simultaneously with their blocking out work; (4) making isometric and schematic drawings; (5) doing freehand drawings, paintings, and cartoons. The District Court found that this work did not meet the standard set down by the regulation, and we see no reason to disturb this basic finding.

"Predominantly original and creative" work certainly requires independent imagination and judgment on the part of the individual artist, which was not exercised in this case. Plaintiffs made these separate frames as a part of a series; the story for the series was obtained in Washington by a small group of artists, of which plaintiffs were not members, and the organization was planned by directors. Uniform production was essential, and the frames could in no way reflect the peculiar genius or style of the man who made them. The Hearing Officer at the hearings preliminary to redefinition states that the requirements of originality and creativeness would, generally speaking, be "met by painters who at most are given the subject matter of their painting." [3] Here, not only the subject matter, but the line and color of every detail were controlled by directors who gave explicit instructions as to how the frame should be executed and who had to approve it before it was accepted. Even in the case of the isometric drawings, plaintiffs were given photographs, blueprints, or sketches for use as basic outlines; and their job was only to make the drawings more like the

---

[2] The first provision cited requires for exemption that work of the same nature as that performed by nonexempt employees shall not exceed 20% of the hours worked in the work week, subject to a not overclear proviso for not counting "nonprofessional work" as "nonexempt work" where it "is an essential part of and necessarily incident to work of a professional nature." The court held that more than 20% of the weekly hours worked by plaintiffs, and probably as much as 40%, was at photo retouching, and cited the "Manual of Newspaper Job Classifications," Wage and Hour and Public Contracts Div., U. S. Dept. of Labor, April, 1943, as listing a "retouch artist" as nonexempt. The effect of the second provision is discussed below. As to the third provision, the findings showed that plaintiffs were paid at an hourly rate, and not "on a salary or fee basis" as provided in the regulation. Defendant's attack on the validity of this regulation is based on Addison v. Holly Hill Fruit Products, Inc., supra note 1, dealing with the definition of "area of production" under 29 U.S.C.A. § 213 (a) (10), and the specific holdings of Devoe v. Atlanta Paper Co., D.C.N.D.Ga., 40 F.Supp. 284, and Buckner v. Armour & Co., D.C.N.D.Tex., 53 F.Supp. 1022. But see Walling v. Yeakley, 10 Cir., 140 F.2d 830, 832; Helliwell v. Haberman, Fanelli v. U. S. Gypsum Co., both supra note 1.

[3] "Report and Recommendations of the Presiding Officer at Hearings Preliminary to Redefinition," Wage and Hour Div., U. S. Dept. of Labor, October, 1940, 41.

machine or to emphasize certain sections of it. In all of the work the aim was not to recreate or communicate an experience of the artist, but to reproduce an original machine or at most to supply emphasis to particular details to enhance its teaching value. While the existence of an educational objective in itself may not impair the aesthetic quality of a picture, it is difficult to regard as "predominantly original and creative" a production whose sole aim is to demonstrate the parts of a particular machine. And while it may be accepted, as defendant repeatedly emphasized, that plaintiffs had the talent and training for original artistic productions, or even that some of the work in question may have required such capabilities, the fact remains, as the court found, that the work done for Vocafilm Corp. was not predominantly of that character.[4]

Since the provisions of the regulations are cumulative, Helliwell v. Haberman, 2 Cir., 140 F.2d 833; Fanelli v. U. S. Gypsum Co., 2 Cir., 141 F.2d 216, with the burden on the defendant to show exemption, Schmidtke v. Conesa, 1 Cir., 141 F.2d 634, and since we are convinced that defendant has failed to show that the work was of the required quality, it is unnecessary to consider the issues which involve the other regulations. Plaintiffs concede that under Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 714, 65 S.Ct. 895, decided since the decision below, they are not entitled to interest on the unpaid overtime.

The judgment of the District Court is modified by omission of all the separate awards of interest, totalling $188.75. As so modified, the judgment is affirmed. The sum of $200 is allowed as counsel fees to plaintiffs-appellees on this appeal.

---

[4] A comparison of the terminology of § 541.3(a) (5) (ii) with that of § 541.3(a) (5) (i), providing that the work require a certain type of knowledge, indicates the purposive choice of words.