**Ovie C. SIKES, Plaintiff,**

v.

**WILLIAMS LUMBER COMPANY,**
Defendant.

**No. 2264.**

United States District Court,
E. D. Louisiana, New Orleans Division.

Sept. 10, 1954.

Saal & Blackwell, Raymond Saal, Covington, La., Milling, Saal, Saunders, Benson & Woodward, H. H. Hillyer, Jr., New Orleans, La., for plaintiff.

Ott & Watts, France W. Watts, Jr., Franklinton, Ellis, Lancaster, Wright & Daly, William J. Daly, New Orleans, La., for defendant.

WRIGHT, District Judge.

Plaintiff was employed as planer foreman in the defendant's lumber mill. His duties were to operate the planer, make the necessary changes on the machine, and keep it in good repair. He claims overtime, liquidated damages, and attorneys' fees under the Fair Labor Standards Act.[1] The defendant contends that the plaintiff was employed as a bona fide executive within the meaning of Section 13(a)[2] of the Act and is, therefore, exempt from coverage thereunder. It also contends that the plaintiff was employed under a "Belo" contract[3] at a specified hourly rate with a specified overtime rate, and with a guarantee on the part of the defendant that the plaintiff would receive no less than $75 per week, and, consequently, his employment contract conforms to the intention of the Act and is not in violation thereof. In the alternative, and in the event the plaintiff is found to be entitled to overtime under the Act, the defendant pleads good faith as a bar to the recovery of liquidated damages.

The court, having heard the evidence and the argument of counsel, now makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact.

1. Plaintiff was employed as planer foreman and machineman in the lumber mill operated by the defendant, which mill, admittedly, was engaged in the production of goods for interstate commerce. Under his employment contract he was "to run the planer mill, make the changes on the machine, keep it up, make good lumber, and get enough of it through the machine." Plaintiff's pay, under his contract, was $75 per week, which compensation covered not only the operation of the planer during whistle time, on weekdays from 7:00 a. m. to 12 noon and from 1:00 p. m. to 5:00 p. m., on Saturdays from 7:00 a. m. to 11:00 a. m., but also the preparation of the machine for operation during these hours. In this preparation, plaintiff worked, in addition to whistle time, approximately one-half hour six days per week before whistle time began in the morning, and approximately one-quarter hour before whistle time began after lunch. In other words, plaintiff was employed for a regular work week of approximately 53 hours, at $75 per week.

2. Plaintiff did not have the management of the defendant's mill. He did not customarily and regularly direct the work of the other employees. He had no authority to hire or fire other employees, nor would particular weight have been given to his suggestions and recommendations as to the hiring and firing, or the advancement, promotion, or other change in the status of other employees. He did not customarily and regularly exercise discretionary powers except as to the mechanics of his trade. His hours of work, of the same nature as that performed by other non-exempt employees of defendant, exceeded 20% of the number of hours worked in the work week by other such employees.

3. The records kept by the defendant of plaintiff's time were incorrect and in-

1. 29 U.S.C.A. § 216(b).

2. 29 U.S.C.A. § 213(a).

3. Walling v. A. H. Belo Corp., 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716.

complete, and the hourly rate allegedly paid plaintiff, as shown therein, was fictitious.

4. No evidence was offered by the defendant in support of its defense of good faith. In fact, the defendant was convicted in this court [4] for failure to pay overtime as required by Section 7 (a) of the Fair Labor Standards Act,[5] and failure to keep records as required by Section 11(c)[6] of the Act. These violations relate to the same period of operation as that during which the plaintiff was employed.

### Conclusions of Law

■ 1. The plaintiff was employed by the defendant in the production of goods for commerce within the meaning of the Fair Labor Standards Act, and his employment was covered by the provisions of that Act. 29 U.S.C.A. § 201 et seq.

2. The plaintiff was not employed in a bona fide executive or administrative capacity and hence was not exempt from the coverage of the Act on that ground. 29 U.S.C.A. § 213(a); Regulations of Administrator, 29 C.R.F.Part 541, 29 U.S.C.A.Appendix; Stanger v. Vocafilm Corporation, 2 Cir., 151 F.2d 894; Schmidt v. Emigrant Industrial Sav. Bank, 2 Cir., 148 F.2d 294.

■ 3. The plaintiff's employment contract did not provide a stated hourly rate for regular work, an express provision that overtime would be paid at one and one-half times the regular rate, and an upper limit on the total number of hours to be worked for a fixed salary. Consequently, his employment did not comply with the "Belo" doctrine. Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 65 S.Ct. 1242, 89 L. Ed. 1705; Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682; Walling v. A. H. Belo Corp., supra; Beechwood Lumber Co. v. Tobin, 5 Cir., 199 F.2d 878; Adams v. Union Dime Savings Bank, 2

Cir., 144 F.2d 290; Walling v. Stone, 7 Cir., 131 F.2d 461.

■ 4. Where an employee is paid a fixed weekly salary, the regular hourly rate of pay, for the purposes of the Fair Labor Standards Act, must be determined by dividing the weekly salary by the number of hours worked. Where the number of hours worked is in excess of 40, the employee is entitled to one-half the hourly rate for each such hour, in addition to the fixed weekly salary. Overnight Motor Transportation Co. v. Missel, supra; Kreeft v. R. W. Bates Piece Dye Works, 2 Cir., 150 F.2d 818; Landreth v. Ford, Bacon & Davis, 8 Cir., 147 F.2d 446.

■ 5. The employee has the burden of proving the number of hours worked for which he was not properly compensated. Where this evidence is not readily obtainable from the work records of the employee, as kept by the employer, the "employee has carried * * * his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515.

■■ 6. The defendant has not established the defense of good faith and hence plaintiff is entitled to recover as liquidated damages an amount equal to the unpaid overtime compensation. Plaintiff is also entitled to recover attorneys' fees. 29 U.S.C.A. § 216(b); 29 U.S.C.A. § 260; Rothman v. Publick-

---

4. Criminal No. 23462.

5. 29 U.S.C.A. § 207(a).

6. 29 U.S.C.A. § 211(c).

er Industries, 3 Cir., 201 F.2d 618; cf. Foremost Dairies, Inc. v. Ivey, 5 Cir., 204 F.2d 186.

7. The plaintiff will be paid 20% of the amount of the recovery herein as attorneys' fees, together with his costs and interest from date of judgment. Foremost Dairies, Inc. v. Ivey, supra.

Details of the judgment to be settled on notice in accordance with these findings.