James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

AMERICAN ELECTRIC COMPANY, a corporation, Defendant.

Civ. No. 4339.

United States District Court
D. Colorado.

July 22, 1955.

Reid Williams, Atty., U. S. Dept. of Labor, Kansas City, Mo., for plaintiff.

Robert A. Brown, Jr., Brown, Douglas & Brown, St. Joseph, Mo., Peter H. Holme, Jr., Holme, Roberts, More, Owen & Keegan, Denver, Colo., for defendant.

CHRISTENSON, District Judge.

This is an action brought under § 17 of the Fair Labor Standards Act, 52 Stat. 1060, as amended, 63 Stat. 910, 29 U.S.C.A. § 201 et seq., to enjoin the defendant from alleged failure to pay over-

time compensation in compliance with § 7 of the Act, 29 U.S.C.A. § 207.

Despite a reservation of the issue in the pretrial order, it is now substantially conceded by defendant, and the Court finds, that the defendant's Colorado branches were engaged in commerce within the meaning of the Act, and that the defendant, therefore, is within its coverage for the purposes of this suit.

The decisive question remaining is whether the bonuses which have been paid by defendant to employees in Colorado must be included in the computation of overtime. The Government insists that such bonuses must be so included because they are a part of the "regular rate" of pay. The defendant contends that they are "discretionary bonuses", excluded as a basis of overtime compensation by the following express terms contained in the Act of October 26th, 1949, popularly known as the "Fair Labor Standards Amendments of 1949" amending § 7 of the Fair Labor Standards Act, 29 U.S.C.A. § 207:

"(d) as used in this section the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but shall not be deemed to include—

\*   \*   \*   \*   \*   \*

"(3) sums paid in recognition of services performed during a given period if either, (a) both the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly   \*   \*   \*."

Various pertinent principles have been set out and discussed by the United States Supreme Court: Walling v. Harnischfeger Corporation, 325 U.S. 427, 65 S.Ct. 1246, 89 L.Ed. 1711, concurring opinion 325 U.S. 433, 65 S.Ct. 1250, 89 L.Ed. 1711; Walling v. Youngerman-Reynolds Hardwood Co., Inc., 325 U.S. 419, 65 S.Ct. 1242, 89 L.Ed. 705, rehearing denied 326 U.S. 804, 66 S.Ct. 12, 90 L.Ed. 489; United States v. Rosenwasser, 323 U.S. 360, 65 S.Ct. 295, 89 L.Ed. 301; Warren-Bradshaw Drilling Co. v. Hall, 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83; Overnight Motor Transp. Co., Inc., v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, rehearing denied 317 U.S. 706, 63 S.Ct. 76, 87 L.Ed. 563; also by the Court of Appeals of this Circuit, McComb v. Sterling Ice & Cold Storage Co., 10 Cir., 1947, 165 F.2d 265; Seneca Coal & Coke Co. v. Loftin, 10 Cir., 1943, 136 F.2d 359, certiorari denied 320 U.S. 772, 64 S.Ct. 77, 88 L.Ed. 462. These cases are helpful, but do not appear controlling because of different fact situations, nor does the language in them lay down any rule clearly governing the situation here.

Other "bonus cases", somewhat in point, are readily distinguishable: Roland Electrical Co. v. Black, 4 Cir., 1947, 163 F.2d 417, 421, 6 A.L.R.2d 82, certiorari denied 333 U.S. 854, 68 S.Ct. 729, 92 L.Ed. 1135, where the regular year-end bonuses were "obviously paid as compensation for services previously rendered," and where the real question was not whether bonuses should be included in the computation of overtime pay, but whether they could be offset against overtime payments insufficient on other grounds; Walling v. Stone, 7 Cir., 1942, 131 F.2d 461, where a bonus was paid to employees who turned out more work than the stated minimum, the amount of which depended upon the excess production; and Walling v. Wall Wire Products Co., 6 Cir., 1947, 161 F.2d 470, certiorari denied 331 U.S. 828, 67 S.Ct. 1351, 91 L.Ed. 1843, where the bonus comprised a share of profits received monthly by employees under a collective bargaining agreement.

The law with respect to various comparable bonus plans, however, has been debated in the Second and Eighth Circuits, the decisions of which are most nearly in point. McComb v. Shepard Niles Crane & Hoist Corporation, 2 Cir., 1948, 171 F.2d 69, certiorari denied 336 U.S. 960,

69 S.Ct. 890, 93 L.Ed. 1113; Walling v. Garlock Packing Co., 2 Cir., 1947, 159 F.2d 44, 169 A.L.R. 1303, certiorari denied 331 U.S. 820, 67 S.Ct. 1310, 91 L.Ed. 1837; Walling v. Richmond Screw Anchor Co., Inc., 2 Cir., 1946, 154 F.2d 780, certiorari denied 328 U.S. 870, 66 S.Ct. 1383, 90 L.Ed. 1640; Walling v. Frank Adam Electric Co., D.C.E.D.Mo.E.D. 1946, 66 F.Supp. 811, affirmed 8 Cir., 163 F.2d 277.

While differences can be found between them—and, indeed, are seized upon by each in defense of its failure to follow the results indicated in the other—the decisions in the Adams and Shepard Niles cases cannot be reconciled. Basically, the latter commits the Second Circuit to the doctrine that regularity of bonus payments in the past necessitates their inclusion in overtime computations, while the Eighth Circuit does not regard regularity as determinative, if the ultimate facts are otherwise determined to be that the making of the bonus payments, and the amounts thereof, are at the sole discretion of the employer and not pursuant to any prior contract, agreement or promise causing the employee to expect such payments regularly.

I am sensible that the circumstances of payment, including regularity, must be taken into consideration, and that regularity of payments under certain circumstances may be entitled to weighty consideration. Yet, I think emphasis rather must be on the ultimate issue. To make regularity or size of bonus determinative, in and of itself, would be to include conditions to the exemption which are not justified by the language used. Congress did not provide that bonuses, to be excluded from overtime computations, had to be in small amounts or irregularly paid.

Administrative interpretations of the Act, although not issued as regulations under statutory authority, carry persuasion as an expression of view of those experienced in the administration of the Act and acting with the advice of a staff specializing in its interpretation and application. Overnight Motor Transp. Co., Inc., v. Missel, supra.

The 1949 interpretive bulletin issued by the Department of Labor referred to a bonus as being excluded as a basis of overtime compensation, among other things, if it was paid by the employer, "without having previously promised, agreed or arranged to pay such bonus". This concept of "arrangement", as adding to the idea of agreement or promise, is abandoned in the 1953 interpretive bulletin (No. 778.6D), issued in the light of the 1949 amendment to the Act. To the word "arrangement" the Shepard Niles decision, supra, has accorded considerable weight.

Furthermore, Interpretive Bulletin No. 778.6D points out that "An employer who promises to sales employees that they will receive a monthly bonus computed on the basis of allocated percentage of each item sold whenever, in his discretion, the financial condition of the firm warrants such payment, has abandoned discretion with respect to the amount of the bonus thereof, not with regard to the fact of the payment. Such a bonus would not be excluded from the regular rate. On the other hand, if a bonus such as the one just discussed were paid without prior contract, promise or announcement and a decision as to the fact and amount of payment lay in the employer's sole discretion, the bonus would be properly excludable. * * *" from the computation of overtime.

With regard to gifts under § 7(d) (1) of the Fair Labor Standards Act, as amended, it is expressly provided in the interpretive bulletin mentioned that if the payment is so substantial "that it can be assumed that employees considered it a part of the wages for which they worked, the bonus cannot be considered in the nature of a gift. * * *" and it is further indicated that if gifts are paid with regularity so that employees expect them, they may be excluded. However, with respect to § 7(d) (3), there is no condition of limited amount, and by the

very terms of § 7(d) (3), the excludable bonuses are paid in recognition of services for a given period and are not limited to insubstantial or small amounts.

I have mentioned the provisions of the interpretive bulletins not because they are assumed to be of controlling importance, but because that phase also is deemed persuasive of the conclusion that I have reached. Most of the other reasons which I might advance—the most basic ones—are considered in the Frank Adams Electric Co. case, supra. But no case which I have seen has commented on the significance of the new interpretive bulletin which I mentioned above as of possible additional interest.

It would be a work of arrogation to restate here the other reason so ably debated in the Second and Eighth Circuits. It seems sufficient here to indicate that I believe that the approach of the Eighth Circuit to the problem is more reasonable, and more likely to permit a result consistent with the intent of Congress. Nor does a detailed analysis of the evidence appear necessary. The following references should be sufficient to indicate the factual basis of my conclusions that the defendant is entitled to prevail in this case.

■ The evidence established that the bonus in the past has been paid frequently, but not invariably. As it was first paid, and later continued, it had no effect in reducing the regular rates of pay, which already were well above the required minimum. While the history of these bonus payments was known by many of the defendant's prospective employees when they were hired, none of them, and none of the existing employees, regarded their continuation at all, or in any particular amount, assured. There was no evidence that the payments were made at any time pursuant to any contract, agreement or promise, express or implied. The board of directors at the end of the period would consider what bonus, if any, the profits would justify, in its discretion, and in most of the years covered by the evidence, would authorize the payment of a bonus based either upon a 40-hour week or a 44-hour week and representing greatly varying percentages of earnings on that basis. The minutes in a few instances referred to a "plan" of profit sharing but when considered in the light of all the surrounding circumstances, did not indicate any continuing design or plan, or even a tacit arrangement from year to year. On the contrary, the omission of any bonus during the war, its unpredictable amount from year to year when granted, and the avoidance by the management of any reference to a plan or promise of any continuation, all negative the contentions of the Government in this case. True, the Government points to the avoidance of the subject in discussions with employees as evidence of concealment and circumvention. This only points up the difficult situation of a company desiring to pay a discretionary bonus as authorized by law. If it tells its employees about its past record in this respect, it may be charged with using the bonus as a hiring inducement, or as an incentive for additional work and with thus making it includable as regular pay for the purpose of overtime compensation; if it avoids any reference to the bonus in its discussions, it lays itself open to the charge of deviousness or concealment. Suffice it to say, however, that despite the appearance of numerous employees and former employees called by the Government, there was no substantial indication of any sham or concealment in the attitude of the company with reference to the bonus; an exception was the treasurer's responses to the Court's questions concerning the relationship of the bonuses and profits for certain years. I have concluded, however, that his apparent lack of candor could not overcome all of the implications favorable to the defendant, arising from the great preponderance of the evidence.

I conclude that the bonus payments of the defendant company in the past have been discretionary within the contemplation of § 7(d) (3) of the Fair Labor

Standards Act as amended; that falling within the exception contained therein, the fact that they have been continued, both prior to, and after, the Act came into effect to the extent that employees have generally become acquainted with the prior payments and regard their employment as more promising by reason thereof, does not, in and of itself, require the inclusion of these bonus payments in the computation of overtime compensation; that the preponderance of the evidence, to the contrary, indicates that these bonuses are purely discretionary with the management; that there was no contract, either in form or in substance for the payment of the bonuses but a bona fide exercise of the right to pay a discretionary bonus within the contemplation of the Act; that the amounts of payments, the times that they have been paid and other circumstances of their payment, either standing alone or in connection with all other facts shown by the evidence, do not render these payments other than discretionary, and that to enjoin the defendant as requested by the plaintiff would be, in effect, to enjoin it from paying discretionary bonuses as authorized by the express provisions of the Act cited, which injunction would be contrary to the intent of the Act, not within its purposes and to the detriment of the employees. I do not mean to indicate that a further or long-continued pattern of bonuses might not be persuasive of a different result if it were thereby established in view of all the other developing circumstances that continued payment of the bonuses or the amounts thereof were pursuant to a prior contract, agreement or promise causing the employee to expect such payments regularly. I simply determine that this condition has not been established at the present time.

Defendant may prepare formal Findings of Fact, Conclusions of Law and Judgment in accordance with the views above expressed, to be submitted to opposing counsel for approval as to form prior to their submission to the Court.